# Foust *v.* Chamblee's Administrator.

### *Final Settlement of Guardian's Accounts.*

1. *Record of guardianship.* — The entire record of a guardianship in the probate court constitutes but one cause ; and in dealing with that cause, the court is bound to look at every part of the record.

2. *Final settlement of guardian's accounts ; conclusiveness of.* — When the record shows a final settlement of a guardian's accounts in the probate court, by which he is discharged, that court cannot, on a petition subsequently filed by the administrator of the deceased ward, disregard and ignore such settlement, and render another decree against the guardian on an *ex parte* statement of his accounts : the former settlement is conclusive, until it is reversed on error or set aside as void in a direct proceeding for that purpose, and it is not necessary that it should be pleaded in bar of the subsequent application.

3. *Confederate judgments.* — A judgment rendered by a probate court of this State in 1863, on final settlement ,of a guardian's accounts, is not void because rendered by a rebel court, but is conclusive and binding, until set aside or reversed, and is a bar to any subsequent decree.

4. *Parties to probate decree.* — On final settlement of a guardian's accounts, after the death of the ward, and after the grant of letters of administration on his estate, if the record shows that due notice to the administrator was given by publication, although he did not appear, the appointment of a guardian *ad litem* for the deceased ward is mere surplusage, and the decree is not void for the want of proper ,parties.

[*Foust v. Chamblee's Administrator.*]

APPEAL from the Probate Court of Blount.

In the matter of the final settlement of the accounts and vouchers of Samuel Foust, as guardian of Lewis Chamblee, deceased, on the application of H. A. Gillespie, as administrator of said deceased ward. The record in this court, as perfected on *certiorari*, shows that said Gillespie was appointed guardian of said Lewis Chamblee on the election of the ward himself, on the 23d day of October, 1856, and gave bond and entered on the discharge of the duties of said trust on the same day; that on the 25th February, 1858, he was removed, and his letters of guardianship were revoked; that on the 12th April, 1858, he was reappointed, and again gave bond, and entered on the discharge of his duties as guardian; that on an annual (or partial) settlement of his accounts on that day (April 12, 1858), the balance in his hands was found to be $2,256.95; that on a second annual settlement made on the 21st February, 1859, the balance remaining in his hands was found to be $2,503.76; that on a third annual settlement made on the 21st February, 1860, the balance remaining in his hands was found to be $2,413.64; and again on the 21st February, 1861, on a fourth annual settlement, the balance was stated as $1,786.56. The record further shows that on the 1st August, 1862, the ward departed this life; that letters of administration on his estate were granted by said probate court on the 21st August, 1862, to Lemuel Arnold; and that on the 13th day of April, 1863, at a regular term of said probate court, on final settlement of the accounts of said Foust as guardian, the following decree was rendered: " This day having been set to hear and determine all matters as to the account heretofore filed by Samuel Foust, as guardian of the estate of Lewis Chamblee, now deceased, minor heir of Isham Chamblee, for a final settlement of his guardianship; now comes the said Samuel Foust, and moves the court that his said account may be passed and allowed as the same has been by him filed as aforesaid. And it appearing that due notice of the nature and of the time set for making such settlement has been given in all respects according to law, and the former order of this court made and entered on the 20th day of February, 1863; and J. W. Moore, who was heretofore duly appointed by the court to act as guardian *ad litem*, to represent and protect the interest of said Lewis Chamblee, minor, now deceased, in this proceeding and settlement, now appearing in open court, consents to act, and proceeding to contest said settlement, the court proceeds to hear the matters pertaining to said account, and to consider the evidence relating thereto. Whereupon it is shown by sufficient proof that said Lewis Chamblee departed this life on or about the 1st day of August, 1862, and that Lemuel Arnold was on

[Foust v. Chamblee's Administrator.]

the 21st day of August, 1862, duly appointed and qualified to administer said estate ; and it being also shown by sufficient proof that said guardian has received of the assets of said estate the sum of $1,930.24 in money, and has justly expended in and about the costs and charges necessary and incident to said guardianship, and in payment of the just debts of said estate, the sum of $761.24, and to Lemuel Arnold, the administrator of said estate, the sum of $1,169, leaving no money or assets·in the hands of said Samuel Foust, guardian as aforesaid ; and said account appearing to be full and correct, — it is considered and decreed by the court, that said account be, and the same is hereby in all things passed and allowed as above stated, and that the same be filed and recorded as a final settlement of said guardianship."

On the 11th July, 1872, a petition was filed in said probate court by H. A. Gillespie, as the administrator *de bonis non* of the estate of said Lewis Chamblee, asking for a citation to said Samuel Foust, requiring him to appear and make a final settlement of his said guardianship. This petition alleged that said Samuel Foust had made a pretended final settlement of his guardianship on the 13th April, 1863, and that said pretended settlement was void : 1st, because said probate court by which it was rendered, " if a court at all," was a foreign court, unknown to the laws of Alabama, and of limited jurisdiction, and the record did not show the facts necessary to show its jurisdiction ; and 2d, because no notice of said pretended settlement was given to the administrator, heirs, and distributees of the estate of said Lewis Chamblee, or either of them, nor did they appear, nor was any guardian *ad litem* appointed to represent the interests of his infant child. The citation was duly served on said Foust, but he failed to appear ; and on the 12th August, 1872, the day specified in the citation, the court proceeded *ex parte* to state an account against him, and appointed the 5th September, 1872, for final action on the account as thus stated. On that day the cause was continued until the 18th September, and again until the 16th November, 1872 ; and on this latter day, the said Foust still failing to appear, and no objection to the account as stated being filed, the court passed the account as stated, and rendered a decree against said Foust, in favor of said Gillespie as administrator *de bonis non*, for $3,008.36, besides costs. From this decree the present appeal is sued out by said Foust, and it is here assigned as error.

L. P. WALKER, for the appellant. — 1. Unless the final settlement made in 1863 is void, Gillespie's only remedy was by bill in chancery within the time allowed by the statute. Rev. Code, §§ 2451, 2274–5. When the record shows jurisdiction

[*Foust v.* Chamblee's Administrator.]

of the subject-matter and the parties, a final decree of the probate court cannot be collaterally impeached, on account of irregularities which would reverse it on error.   31 Ala. 234; 47 Ala. 196 ; 3 Ohio St. R. 498 ; 2 Howard, U. S. 328.

2. As the judgment of a Confederate court, that decree has the force of a foreign judgment, and is *primâ facie* valid. *Mosely* v. *Tuthill*, 45 Ala. 621 ; *McSwean* v. *Faulks*, 46 Ala. 610 ; *Shaw* v. *Lindsay*, 46 Ala. 290 ; *Griffin* v. *Ryland*, 45 Ala. 690.

THOS. H. WATTS, *contra.* — 1. The pretended final settlement of 1863 is a nullity.  It shows on its face that the ward was dead, and that there was an administrator of his estate who was not a party to the settlement.  The appointment of a guardian *ad litem* for the deceased ward was without authority, and gave him no standing in court; and there was, in effect, but one party to the settlement.  That such a decree is void, see *Spence* v. *Simmons*, 19 Ala. 828 ; *Turner* v. *Dupree*, 19 Ala. 198 ; *Gilbreath* v. *Manning*, 24 Ala. 418 ; *Joseph* v. *Joseph*, 5 Ala. 280 ; *Cockrell* v. *Hays*, 41 Ala. 75 ; *Johnson* v. *Johnson*, 40 Ala.

2. Even if such settlement be held valid for any purpose, the appellant cannot set it up in this court, because he failed to appear and plead it in the probate court.  *Autrey* v. *Johnson*, at January term, 1872.

PETERS, C. J. — When the judgment from which this appeal is taken is contrasted with the facts set out in the record, such a result as appears from it could hardly have been anticipated.   The transcript shows that the guardian made final settlement of his guardianship in 1863 ; and by this it is shown that he had properly accounted for all the ward's estate that had come into his hands, and that there was a decree final in his favor upon said settlement.   And after this a decree in the same case and on the same record was rendered against him for the sum of $3,008.36 of the ward's estate remaining in his hands, in 1872.   In other words, the record shows two decrees on the same matters between the same parties ; one in favor of the guardian, which entitles him to be discharged, and the other a subsisting liability against him of above $3,000.   The record of a guardianship in the court of probate makes but one cause, and in dealing with this cause it is necessary for the court to consider every part of it.   *Moseley* v. *Tuthill*, 45 Ala. 621.   If the record discloses that there is a final judgment in favor of either of the parties to the proceeding, the court cannot overlook and ignore this final judgment; and before the court can proceed beyond this final judgment, it must be set

[Foust v. Chamblee's Administrator.]

aside, because it is void, on a proper proceeding for that purpose, or it must be reversed for error. When either of these ends is effected, then the court can proceed to a new trial, but not before.

Here, the petition shows that the guardian made final settlement of his guardianship in 1863. This also appears from the record. It is true that the petition alleges that this final settlement was void. But this is a mere blank statement without the allegation of any facts which support it, save the character of the court in which the final settlement was made. The character of the court was not sufficient to render the decree void. This is a matter of law, which the court will notice. It is not shown that there was any error in it, or any fraud in its procurement. The mere fact that the decree on the guardian's final settlement was rendered in 1863, during the war, did not render it void. *Riddle et al.* v. *Hill's Adm'r*, at the present term; *Horn* v. *Lockhart*, 17 Wall. 570. Then, if it was not void, it was a final decree in favor of the guardian, and estopped any further proceeding on the same record, as long as the decree remained unimpeached and unreversed. 1 Ala. 406. The petition of the appellee, under the facts shown by the record, was merely an application for a new trial. The term of the court had long been adjourned at which the decree was rendered. In such a case, the application for a new trial came too late. 2 Brickell's Dig. p. 276, § 3. The statute clothes the court of probate with jurisdiction to enforce a final settlement of a guardian's accounts, in a case where *no such settlement has been made.* The language of the law is this: "When a guardian removes from this State, without making final settlement, or, upon citation to appear and make a final settlement, fails to attend, without showing sufficient cause therefor, the judge of probate may proceed and state the account in his absence, from materials in his office, and such other testimony as may be adduced." Rev. Code, § 2448. The proceeding thus authorized is to be conducted as settlements of executors and administrators in similar cases are to be conducted. Rev. Code, §§ 2449, 2137, 2153. In any of these cases, if the record shows that a final settlement has been made, the jurisdiction of the court has been exhausted, and such settlement cannot be repeated in the same case, upon the same record, and between the same parties. The second final decree in the same case is necessarily a mere nullity. This is not like the case where there are two records and two causes. There, the former judgment or decree is only an estoppel when given in evidence, or when pleaded. It is otherwise when this is shown by the record itself. 1 Greenleaf Ev. § 531. The decree first rendered in this cause in 1863 cannot be assailed in this way. If it was erroneous, it should have been corrected

[*Foust v. Chamblee's Administrator.*]

on appeal. Rev. Code § 3485. And if it showed errors of law or fact in the settlement, such errors may have been corrected in chancery according to the provisions of sections 2274 and 2275 of the Revised Code, or under Ordinance No. 40 of the convention. Acts 1868, p. 187. They cannot be corrected in the manner here attempted. Rev. Code, § 2451.

The court below should not have entertained jurisdiction of the petition in this case, nor should the citation have been issued. The proceeding should have been dismissed. And that judgment being the proper judgment that should have been rendered in that court, it will be rendered here. Therefore, the judgment of the court below is reversed, and the cause is dismissed, at the costs of the appellee (said Gillespie).

BRICKELL, J., not sitting, having been of counsel in the cause below.

NOTE BY REPORTER. — On a subsequent day of the term, the appellee's counsel having applied for a rehearing, the following opinion was delivered : —

PETERS, C. J. — This application for a rehearing is on the ground that the final settlement made by the guardian Foust, on the 13th day of April, 1863, after the death of the ward, is a nullity. This was not overlooked on the examination of the record in preparing the original opinion. The ward died early in August, 1862, and Lemuel Arnold was duly appointed administrator of his estate on the 21st day of August, 1862. The settlement referred to was made after this appointment. This was shown to the court by proper proof on the settlement. It was also shown that proper notice was given of the day of the settlement, as required by the Code, and that the settlement was otherwise regularly conducted. This was sufficient to give the court jurisdiction. Rev. Code, §§ 2449, 2137, 2140. Such a settlement is not void. *Satcher* v. *Satcher's Adm'r*, 41 Ala. 26. The administrator of the ward's estate being in court by a proper notice of the settlement, the appointment of a guardian *ad litem* for the dead ward was mere surplusage. It did not vitiate the proceedings, which were regular. The statute does not require other notice of the settlement than notice by publication to those interested. It appears that this notice was duly given. The grounds relied on in the application are not sustained by the record. The application is, therefore, denied with costs.

BRICKELL, J., does not sit in this case, having been of counsel.