# Bentley *v.* Dailey.

*Final Settlement of Guardian's Accounts.*

1. *Annual settlements as evidence.*—On final settlement of a guardian's accounts, former annual or partial settlements made by him are a part of the record, and it is the right and duty of the court to look to them as evidence in the cause.

2. *Conclusiveness of annual settlements.*—On final settlement of a guardian's accounts, credits allowed him on an annual or partial settlement are presumptively correct (Code, § 2458), and the *onus* of disproving their correctness is on the ward.

3. *Confederate money received by guardian.*—A guardian having been allowed a credit, on a partial settlement in 1870-71, for Confederate money received from a debtor during the late war, and left on his hands at the close of the war, the credit ought not to be disallowed on final settlement, on evidence showing merely that the money was collected on notes given for the purchase-money of land, which the guardian had received, in 1859-60, as his ward's distributive share on settlement of an estate; this evidence, withouт more, not being sufficient to overcome the presumption in favor of the allowance on annual settlement.

4. *Allowance to guardian, for board of ward.*—An allowance to the guardian on an annual or partial settlement, for board paid to the ward's step-father on his account, is properly disallowed on final settlement, on the uncontradicted testimony of the ward that he owed nothing for board; the step-father, though living in the county, not being produced as a witness.

APPEAL from the Probate Court of Calhoun.

Heard before the Hon. EMMETT F. CROOK.

In the matter of the final settlement of the accounts and vouchers of Jacob F. Dailey, as guardian of William C. Bentley. The guardianship commenced before the war, but at what time the record does not show; and several annual or partial settlements had been made—one in 1870, and another in 1871. On these settlements, the guardian was allowed a credit for $548, Confederate money received by him during the war, and left on his hands at the close of the war. On the final settlement, the ward objected to this credit, and excepted to its allowance; and this ruling is here assigned as error. On said former settlement in 1871, the guardian was allowed a credit for two vouchers, which purported to be receipts given to him in August and December, 1870, by Nat. Cobb, for board of the ward for nine months, together amounting to $93.50. In reference to these items the ward thus testified for himself: "I never owed said Cobb

anything for board, nor for anything else.  He was married
to my mother, and I lived with him prior to 1869, and
worked for him, and boarded with him.  My board was
worth about $8 per month, and my work about $10.  I never
lived with him, or boarded with him, after I boarded at my
mother's and went to school in Oxford.  I boarded at my
mother's in Oxford in 1869, or 1870, and went to school.
While boarding there, Cobb would come down on Sundays.
He supported my mother at Oxford for about three months,
but no longer; and I worked out on evenings and Saturdays,
and my sister took in sewing, and we supported ourselves
and our mother.  Cobb now lives in this county."  The
guardian himself thus testified in reference to these items:
"I do not know that said Bentley ever owed Cobb anything
for board, or for anything else.  He boarded with his mother
in Oxford, and she was then Cobb's wife."  This being all
the evidence relating to these items, the court allowed the
credits as claimed; to which ruling the ward excepted, and
he now assigns it as error.

KELLY & SMITH, for appellant.

ELLIS & STEVENSON, and BROTHERS, WILLETT & WILLETT,
contra.

McCLELLAN, J.—This is an appeal from a decree on
the final settlement of a guardianship.  Two exceptions
reserved by the ward in the court below are insisted on here,
and these only will be considered, though the assignment
of errors embraces others.—1 Brick. Dig. p. 102, § 285.

These exceptions go to the allowance on this settlement of
a credit of $548, collected in Confederate currency, which
became valueless by reason of the result of the war, and the
amount paid by the guardian to one Cobb, for board of the
ward in 1870 and 1871, both of which credits had been
allowed on previous annual settlements; and the action of
the court now complained of seems to have been influenced
by the fact of such former allowance.  The court had a right,
and it was its duty, to look to the records of all the annual
settlements which had been made according to law.  The
records of former annual settlements were a part of the cause
on the final settlement.—*Foust v. Chamblee*, 51 Ala. 75.
The annual settlements of 1870 and succeeding years appear
to have been regularly made.  The allowance of the credits
excepted to, in the settlements of 1870 and 1871, raises a

[Bentley v. Dailey.]

presumption of their correctness, which shifted the burden of proof in regard to them from the guardian to the ward. The former may stand upon the settlement, and the latter must impeach it by affirmatively showing the incorrectness of the allowance.—Code, § 2458; *Ashley's Adm'r v. Martin*, 50 Ala. 537; *Radford's Adm'r v. Morris*, 66 Ala. 283.

The fact that the Confederate money was collected on land notes taken by the guardian in 1859 and 1860, in payment of a decree for his ward's distributive share in the estate, is not sufficient to overturn the presumption of correctness. For aught that appears in the record, this action on the part of the guardian may have been to the best interest of the ward, and the only means of collecting the decree; and if, in receiving the notes, he acted with care and diligence, and was also diligent in their collection in funds current at their maturity, he should not be charged for taking them in the place of money in the first instance; nor for receiving Confederate money in payment of them; nor for the loss of this money in his hands, if he exercised the diligence and care which would have characterized the conduct of a prudent man under like circumstances, in dealing with it after he received it.—*Mason v. Buchanan*, 62 Ala. 110; *Stewart v. McMurray*, 82 Ala. 269.

The evidence offered by the ward to charge the guardian with this item, shows only the receipt of the notes in partial satisfaction on the distributive decree, that they were collected in Confederate currency, and that this money was in the guardian's hands, and, of course, valueless after the war. This is wholly insufficient to rebut the presumption of good faith and diligence raised by the decree on the annual settlement of 1870, and the guardian was properly allowed credit for this item.

As to the credits for board paid to Cobb, we are satisfied that the court erred. The uncontroverted evidence of the ward shows, that he never owed Cobb for board or anything else; and if this testimony was untrue, it could have been contradicted by the evidence of Cobb himself, who is shown to have been a resident of the county at the time of the trial. The presumption of correctness, arising from the former allowance of these credits, was overturned; they were shown to be incorrect, and their allowance by the court was error, for which the decree must be reversed, and the cause remanded.

Reversed and remanded.