## WILLIAMSON v. HOWELL ET AL.

4    693
130   640

1. The surety of an administrator in the absence of fraud is concluded by the settlement of his principal with the Orphans' Court.

2. The omission of an administrator to bring forward at the settlement of the estate, charges against it which he might have preferred, will not authorize the surety to have a re-settlement of the estate in Chancery, although the administrator may be insolvent.

3. To constitute fraud in the settlement of an estate, the legatees or those interested in it, must collude with the administrator.

ERROR to the Chancery Court of Camden.

This was a bill filed by the plaintiff in error, and alledges that he became some years since the surety of Lucy M Howell, as administratrix with the will annexed of Caleb Howell, deceased—that she afterwards intermarried with one Joseph Arrington, who thereby, in right of his wife, became administrator of the estate, and that for mismanagement of the estate, the letters of administration were revoked, and Arrington and wife being cited to settle their administration of the estate, appeared and made a settlement, and that a judgment was entered in favor of each of the legatees, against them. That this decree was reversed by the Supreme Court, because the judgment was not rendered jointly against Arrington and wife—and that, upon the cause being remanded, a decree was again entered in favor of the same legatees, for fourteen hundred and thirty-seven dollars and fifty cents each. That execution has issued thereon against Arrington, and been returned no property found, and that execution has issued against complainant as their surety.

The bill further alledges that Arrington and wife being insolvent, and to increase the distributive shares of the legatees, the children of Lucy M., fraudulently withheld, at the settlement of the estate, charges for monies paid out of the assets of the estate, for the necessary board, clothing and tuition of the children, to the amount of eight hundred dollars, and debited

themselves for monies which had been previously accounted for by complainant, as administrator, to the amount of two hundred and forty dollars—and further, that Arrington had showed him a large amount of claims against said estate which he had withheld.

That two of the legatees of the estate, knowing the injury done to the plaintiff in the settlement of the estate, had received from him the sum of eight hundred and forty dollars, in full of their claim; but that Caleb M. Howell, the remaining legatee, insisted on the amount for which the decree was rendered, and that execution had issued for the amount thereof. Arrington and wife and Caleb Howell are made parties, and an injunction prayed for, which was granted.

The Chancellor dismissed the bill for want of equity, from which this writ is prosecuted.

Bethea, for plaintiff in error.

F. K. Beck, contra.

ORMOND, J.—This bill is filed by the surety of an administrator, alledging that his principal, in his settlement with the County Court, being insolvent, and knowing that the money would have to be paid by the surety, fraudulently omitted to charge against the estate monies that he had paid out of the assets of the estate, for the board, schooling and clothing of the legatees, and also debited himself with money which had been previously accounted for, amounting to two hundred and fifty dollars.

There is some obscurity in these allegations, as they appear to assume that the administrator may subject the estate in his hands to a charge, which it is very certain he cannot do. It further appears that the administrator had married the widow of the deceased, and if the board of her infant children was intended as a gratuity to them, he was not only not under any obligation to charge them, but it would have been improper to do so.

Independent, however, of considerations of this kind, the principle which must govern this case, was determined in the case of Townsend and Gordon v. Everett, at the present term, in which we held that a surety was bound by those acts of his

principal which he was by law required to perform, and for the performance of which the surety was responsible.

In that case, Gordon was the surety of Townsend, as treasurer of Mobile county, and in that capacity Townsend made a report to his successor, as by law he was required to do, showing the amount of money in his hands as treasurer, which we held evidence of that fact, in an action against the surety on his bond.

So in this case, it was the duty of the administrator to settle his accounts with the Orphans' Court. In the performance of this duty a sum of money is ascertained to be due from him to the estate, and as he is concluded by this judgment, so must his surety be also. But this is something more than a mere admission of the principal, in the performance of a duty cast on him by law; it is the judgment of a Court, rendered on ample public notice, in which the plaintiff in error had a deep interest, as his principal was insolvent; it was therefore his duty to attend the settlement and protect his rights—his failure to do so, can be considered in no other light than gross laches.

It is further alledged that this settlement was fraudulently made. The fraud is supposed to consist in the withholding by the administrator, of claims against the estate, which he ought to have, or might have, preferred against it. It is not alledged that the heirs colluded with the administrator to produce this result, or that they were privy to it; and without their agency, consent, or privity, we are unable to perceive how the settlement could be fraudulent. Conceding that the amount for which judgment was rendered could have been reduced by evidence of payments, in the power of the administrator to procure, at the settlement of the estate, if the omission was not caused by the act of the legatees, or those interested in the estate, the administrator is forever concluded by the judgment: and if he is, the surety who is bound for his acts must be also. It would be productive of the greatest delay and injury, if, after the settlement of an estate, the surety could have the whole matter re-examined in Chancery, on the ground that the administrator had omitted, at the proper time, to bring forward all his charges against the estate; for this is the whole amount of the bill when properly understood. Calling the settlement

*fraudulent* does not make it so, nor could it be so without the concurrence of those to be benefitted by it.

Our conclusion therefore is, that although a fraudulent settlement of an estate in the Orphans' Court, with intent to prejudice the surety, might be overhauled by him in Chancery, the allegations of the bill do not make out such a case—and that the mere fact that the administrator omitted to prefer charges against the estate which he might have made, will not authorize the surety to go into Chancery for a resettlement, although the administrator may be insolvent.

Whether the bill might not have been entertained, if the surety had shown that the necessary advertisement for a settlement of the estate had not been made, or if he had shown a sufficient excuse for not being present according to the notice, it is not necessary now to determine, as the bill contains no such allegation.

There being no error in the decree of the Chancellor it must be affirmed.