## CHILTON v. PARKS ET AL.

1. A final settlement made by a guardian with the orphans' court, shewing the amount of his indebtedness to his ward, is conclusive alike on the guardian and his sureties, unless they can impeach it for fraud.

2. When the liability of a surety of a guardian, is fixed for the default of his principal, he can claim no exemption from that liability, because the minor might charge a previous surety of the guardian, with all, or some portion of the debt.

Error to the Chancery Court of Benton. Before the Hon. W. W. Mason, Chancellor.

THE material facts of the case, are, that Moses L. Barr was appointed guardian of Julia and Mary Harding, by the orphans' court of Madison, and gave Joseph Laughinghouse and Samuel Harris as his securities, and in February, 1837, being authorized to remove his guardianship to Benton county, he was appointed guardian by the orphans' court of Benton, and gave the complainant, and one Doyle as his securities. His wards having attained the age of fourteen years, appeared before the orphans' court of Benton, and one of them chose N. Parks for her guardian, and the other Benjamin Silman; and the letters of guardianship that had been grant-

ed to Barr, were revoked, and the individuals selected by the wards, appointed. This being done, Barr was cited to make a final settlement of his guardianship; he appeared, and acknowledged that he was indebted to Mary Harding in the sum of $2,682 62, and to Julia, in the sum of $2,927 11: whereupon, judgment was rendered against him, and his securities, by consent, for those sums. But his securities, the complainant and Doyle, had no notice of the proceedings in the orphans' court, and were not present, nor did they give any consent to the rendition of the judgment against them. Execution issued on this judgment, and was levied on the land of Barr, and the complainant being then informed of all the proceedings that had taken place in the orphans' court of Talladega county, was present at the sale, and bid off the land for $2,500, and agreed to assume, and pay the two debts; and for this purpose executed his notes for the whole amount, and also a deed of trust on the land, and other property bid off by him at the sale. He paid no money at the sale.

The bill alleges, that complainant was incapable from drink, of transacting business, and that he had been improperly influenced to give his notes, and deed of trust, to secure the amount due the wards. That Barr had wasted most of their estate, previous to his removal of the guardianship from Madison, and that his securities in that court were liable for his default, and not complainant. The bill seeks to set aside the notes, and deed of trust, and to compel an account between the guardian of the minors, and the administrator of Laughinghouse, who was one of the securities of Barr, in Madison.

The answer of the guardians deny all knowledge of the guardianship in Madison, and deny that complainant was disqualified from drink, or any other cause, from transacting business when he gave his notes, and executed his deed of trust. The administrator of Laughinghouse, alleges, that he has made a final settlement of the estate, and had fully administered it, before he had any notice of any demand growing out of the guardianship of Barr.

The chancellor dismissed the bill, and it is now assigned as error.

Rice & Morgan, for plaintiff in error.
A. J. Walker, for defendants.

DARGAN, J.—This bill is filed with a doule aspect. The first is, to cancel the notes and deed of trust, executed to secure their payment, which were given for the amount ascertained to be due from Barr, guardian, to his ward ; and if this relief cannot be obtained, then to compel an account between the present guardians of the minors, and the administrators of Laughinghouse, who was the security of Barr for his guardianship in Madison county ; and to charge the administration with the amount due by Barr to his wards, on the ground, that Barr had wasted the estate of his wards, previous to his appointment as guardian in Benton connty, and before complainant became his security.

The evidence entirely fails to establish, that the notes, and deed of trust, were executed in consequence of any fraud practiced on complainant. Nor is it shown, that he was incapable, from any cause, to transact business, or incompetent to enter into the contract. This being the case, it is clear that the complainant is not entitled to have the notes, and deed of trust cancelled ; for, independent of the consideration that in consequence of the assumption of the debts due by Barr, to his wards, the complainant became the purchaser of the land of Barr, without making any actual payment, he was clearly liable as the security of Barr, for the amount ascertained to be due to the wards.

A security is bound by the admission of his principal, made in the performance of a duty required of him by law ; and a final settlement of the accounts of a guardian, made in the orphans' court, showing the amount of his indebtedness to his wards, is conclusive alike on the guardian, and his securities, uless the securities can impeach it for fraud. Williams v. Howell, 4 Ala. 693 ; Perkins v. Moore, decided at the present term.

The complainant being liable, as security, on the bond of Barr, the settlement in the orphans' court fixed the amount of that liability, and the notes, and deed of trust, being executed in extinguishment of this liability, the complainant is

bound by them, and there is no principle of equity upon which they can be set aside, or cancelled.

The next object of the bill, is to *charge* the administrator of Laughinghouse, with the amount due by Barr to his wards, and which it is alleged was wasted, during the time Laughinghouse was his security, and before the complainant became bound as the security of Barr.

The administrator of Laughinghouse alleges in his answer, that he had fully administered all the assets that came to his hands, as administrator, and had made a final settlement, distributed the estate, and had been discharged from his duties as administrator by the order of the orphans' court, before he had any notice of a demand against him growing out of the guradianship of Barr. But it is contended, that this part of his answer is not responsive to the bill, and should be proved, and as it is not, he cannot claim exemption from liability as administrator.

We do not think it necessary to examine the questions, whether the infant wards, could charge the administrator of Laughinghouse, for any portion of the sum due by their guardian to them, nor whether the defence relied on by him, would avail him, in the absence of proof in support of his answer, if the wards were complainants. For if the administrator of Laughinghouse would be liable to the wards, it would not follow that this complainant could influence this liability for his protection. The complainant is liable for the whole amount due by the guardian to his wards, and he can claim no exemption from that liability, because, under the pleadings, and proof, the infants might charge another with all, or some portion of the debt. (Phillips & Hudson v. Brazeil, 14 Ala. Rep. 746.)

Under no view of the case, is the complainant entitled to relief, and the decree of the chancellor is therefore affirmed.