# Hailey *v.* Boyd's Adm'r.

*Action by Ward against Surety on Official Bond of Deceased Guardian.*

1. *When action lies on guardian's bond.*—An action at law can not be maintained by the ward, on the official bond of his guardian, until the liability of the latter has been ascertained by the decree of a court of competent jurisdiction.

2. *Settlement of guardian's accounts; in what court had.*—In the settlement of a guardian's accounts, the Probate Court and the Chancery Court have concurrent jurisdiction; and the ward may, at his election, proceed in either forum to compel a settlement, unless the jurisdiction of the other has attached.

3. *Parties to settlement; conclusiveness of decree on sureties.*—The ward may maintain a bill against the guardian alone, without joining the sureties, to compel a settlement of the guardianship; and the sureties may intervene by petition to protect their interests, if they desire to do so; but, whether they intervene or not, the decree is binding and conclusive on them, in the absence of fraud, and will support an action at law against them on the guardian's bond.

APPEAL from the Circuit Court of Sumter.

Tried before the Hon. LUTHER R. SMITH.

This action was brought by George Ann Hailey (*nee* Hopper), against R. Chapman, as the administrator *de bonis non* of the estate of Matthew H. Boyd, deceased; was commenced on the 2d November, 1878, and was founded on the official bond of James M. Boyd and Jefferson Boyd as guardians of the plaintiff, on which said Matthew H. Boyd was one of the sureties. The date of the bond, as set out in the record, is in blank, except the year, 1857; but it is otherwise in the usual form, and in the penalty of $3,000. The complaint alleged the execution of the bond, set it out at length, and further averred that, on the 20th April, 1859, the guardians received $2,190, assets of the plaintiff's estate; that one of the guardians and the other surety afterwards died, before any settlement was made of the guardians' accounts; that on the 2d October, 1872, the plaintiff filed a bill in the Chancery Court of said county, against James M. Boyd and Jefferson Boyd, the surviving guardians, to compel a settle-

ment of said guardianship ; that on the 1st June, 1878, she recovered a decree against them in that suit, for $3,249 ; and that an execution on this decree was regularly issued, and returned unsatisfied, except as to the sum of $540 ; wherefore plaintiff claimed the right to recover of said defendant, as administrator of Matthew H. Boyd's estate, the balance due on said decree. The defendant demurred to the complaint, because it showed no cause of action against him or his intestate ; and because it did not show that said intestate or his personal representative was a party to said chancery suit, nor any reason for not making him a party. The court sustained the demurrer, and its judgment is now assigned as error.

SNEDECOR & COCKRELL, for appellant.

CHAPMAN & SMITH, contra.

BRICKELL, C. J.—It is conceded that an action at law cannot be maintained by the ward upon the bond of the guardian, until the liability of the guardian has been ascertained by the decree of a court of competent jurisdiction. An action at law upon the bond is not an appropriate mode of ascertaining and fixing the liability. A decree of the Court of Probate, or of the Court of Chancery, having jurisdiction to take the accounts and settle the administration of the guardian, ascertaining the amount of his liability, establishes the right of the ward to maintain an action at law upon the bond, against the principal and sureties jointly, or either of them separately. It is admitted that, when such a decree is rendered by the Court of Probate, in the absence of fraud, it is conclusive on the sureties. The argument is made, that this is true only of a decree of that court; and is true of such a decree, because the sureties are *quasi* parties to it, by virtue of the statute, which authorizes an execution against them founded on it (Code of 1876, § 2794) ; but that it is not true of a decree in chancery, rendered on a bill for a settlement of the guardianship, filed by the ward, to which he does not, as he may, make the sureties parties.

We do not enter on the question, whether, prior to our present statute, if a ward had filed a bill against the guardian and one or more of the sureties, omitting others, the sureties could not have demurred for the omission. It may have been their right to have required that their co-sureties, unless some good reason for the omission was shown, should be before the court, affected and bound by the decree sought against them, and compelled to contribute to its satisfaction.

[Hailey v. Boyd's Adm'r.]

The statute now confers on a complainant, having a joint demand, the right to proceed against one or more of the parties thereto, without joining the others (Code of 1876, § 3754); and it is not now of practical importance to consider what was heretofore the proper practice in the case suggested. Before, or since the statute, the ward may proceed, in chancery, against the guardian alone, without joining the sureties. The decree becomes binding and conclusive on the sureties, in the absence of fraud, not because they are parties, but because they are privies to it—as binding and conclusive as would be the decree of the Court of Probate. The jurisdiction of the Court of Probate, and of the Court of Chancery, is concurrent in matters of guardianship; and the ward has an unqualified right of electing the forum in which he will make a settlement, the jurisdiction of the one not having attached. The decree against the guardian is conclusive on the sureties, because they are privies in contract. For the faithful performance of all the duties required of the guardian by law, they are bound by the terms of the bond; and a full settlement of his guardianship in the Court of Probate, or the Court of Chancery, as the ward may elect the one or the other forum, is a duty enjoined upon him by the law. The decree rendered against him is in the nature of a judicial admission made by him; is an act done in the performance of his trust and duty; and, for this reason, is binding and conclusive on the sureties; and not upon the theory, that they are parties to the record, directly or indirectly.—*Townsend v. Everett*, 4 Ala. 607; *Williamson v. Howell*, 4 Ala. 693; *Chilton v. Parks*, 15 Ala. 671; *Perkins v. Moore*, 16 Ala. 9; Freeman on Judgments, § 180; Brandt on Suretyship, § 480. Whether the settlement is made and the decree rendered in the Court of Probate, or in the Court of Chancery, there is no doubt, if good reason was shown, either court would permit the surety to intervene *pro interesse suo*, and protect himself from the faithlessness, or want of diligence of his prinpal in making defense.—*Baines v. Barnes*, at the present term; *Garber v. Commonwealth*, 7 Penn. St. 265. There is less room for apprehension that the surety will be injured by the want of opportunity to make defense, if he is not technically made a party to the record, than of the injustice and vexation which may follow from suffering the decree against the principal to be collaterally impeached.

It results, the Circuit Court erred in sustaining the demurrers to the complaint; and for the error, the judgment must be reversed, and the cause remanded.