# Randall *et al.* v.Wadsworth,Guardian.

*Petition in Probate Court for Supersedeas.*

1. *Pleading and practice; sufficiency of judgment on demurrer.*—The recital in a judgment entry that "the demurrer was overruled" does not constitute a judgment of the court upon said demurrer, and is insufficient to support an assignment of error based upon the overruling of such demurrer.

2. *Motion to strike; how presented.*—Rulings on motion to strike certain pleadings from the file, can be presented for review on appeal only by bill of exceptions.

3. *Pleading and practice; when rulings upon pleadings without prejudice.*—Where replications are stricken from the file, but the petitioner or plaintiff is allowed to amend his petition, or complaint in regard to the matter set up in the replications, so as to give him the benefit of any averments contained therein, and said amendment is subsequently voluntarily withdrawn by the party making it, the sustaining of the motion to strike, if erroneous, is not prejudicial and is error without injury.

4. *Evidence; admissibility of secondary evidence.*—Where, in a proceeding in the probate court, certain papers constituting a part of the file of a case are lost, and the trial judge who was the proper custodian of such papers caused a search to be made by one familiar with the office, and it was shown that after search there was a failure to find the missing papers,

a sufficient predicate for the introduction of secondary evidence of the contents of such papers is laid.

5. *Pleading and practice; when motion to strike an amendment will not be reviewed.*—In the absence of an exception to the allowance of an amendment to a pleading, or to the striking of the same on motion, the ruling of the trial court upon such motion can not be reviewed unless properly presented by bill of exceptions.

6. *Guardian and ward; effect of final settlement.*—The final settlement made by a guardian in the probate court, showing the amount of his indebtedness to his ward, is conclusive alike on the guardian and his sureties, unless they can impeach it for fraud.

7. *Same; proceedings on final settlement.*—The omission of a guardian in bringing forward at the final settlement credits to which he is entitled, even though he is insolvent and knowingly makes the omission, is not such fraud as justifies relief by supersedeas; the ward or succeeding guardian not participating in the procuring of such omission.

8. *Appeal; effect of bill of exceptions in not setting forth the evidence.*—Where the bill of exceptions in a case does not purport to set out all the evidence, the judgment rendered by the trial court will not be reversed for the insufficiency of the evidence to support such judgment.

9. *Same; when judgment reversed for insufficiency of evidence.*—In reviewing a judgment rendered on a disputed question of fact dependent upon oral testimony, the Supreme Court will not reverse such judgment, unless it is so manifestly against the evidence that the trial judge would set aside a verdict rendered on the same testimony and grant a new trial.

10. *Guardian and ward; jurisdiction of probate court.*—Where the probate court has granted letters of guardianship, the subsequent removal of both guardian and ward outside of the county where letters of guardianship were issued does not terminate the jurisdiction of such court, but the court still has power to grant letters of guardianship to the successor of the original guardian.

11. *Supersedeas; money judgment void and will not support an appeal.*—A money judgment rendered by the probate court on a supersedeas bond is void and will not support an appeal; and, therefore, an appeal from such a judgment will be dismissed.

APPEAL from the Probate Court of Bibb.

Heard before the Hon. W. L. PRATT.

The material facts of the case necessary to an under-

standing of the decision on the present appeal are suffi-
ciently stated in the opinion. The minute entry pur-
porting to show the rulings of the court upon the de-
murrer of the petitioner to the respondent's answer
was that said "demurrer was overruled."

PHARES COLEMAN and WALTER S. CARY, for appel-
lant.—1. The probate court has authority at the in-
stance of a surety on a guardian's bond, when he de-
nies the fact of suretyship or alleges that the decree
was obtained by fraud, to control the execution it has
issued on said decree, and to restrain the enforcement
of said decree.—*Gravett v. Malone*, 54 Ala. 19; *Wer-
born v. Pinney*, 74 Ala. 591; *Cobb v. Thompson*, 87 Ala.
381; *Pierce v. Hall*, 113 Ala. 245.

2. Under the statute, the probate court in the county
in which a minor resides alone has jurisdiction to ap-
point a guardian for such minor. No other court of
probate than that of the county of the minor's domi-
cil can assume jurisdiction of the minor and his estate,
or of the guardianship over said minor and his estate.
Letters of guardianship issued by a court of probate
in a county other than that of the minor's domicil are
void.—Code of 1896, § 2247; *Moses v. Faber*, 81 Ala.
445; *Dorman v. Ogbourne*, 16 Ala. 756. As corollary
to this proposition, the probate court which originally
appointed the guardian of a ward can not always ap-
point his successor. If, after the original appointment,
the ward moves into another county, upon the resig-
nation of the guardian originally appointed, his suc-
cessor should be appointed by the probate court of the
county wherein the ward resides.—Schouler on Do-
mestic Relations, (4th ed.), § 303; Woener on the Law
of Guardianship, p. 80, § 26; p. 85, § 27; *Dorman v.
Ogbourne*, 16 Ala. 759; *Moses v. Faber*, 81 Ala. 445;
*Harding v. Weld*, 128 Mass. 587; *DeJarnette v. Harper*,
45 Mo. App. 14; *Maxsom v. Sawyer*, 12 Ohio, 195.

The rules of evidence require that the best evi-
dence obtainable must be introduced; and that, there-
fore, secondary evidence of a written instrument or of
an order of court or of pleadings in a cause is not ad-
missible until a proper predicate has been laid for its

[Randall *et al.* v. Wadsworth, Guardian.]

introduction. This is done by proof of the loss of such original evidence. The law requires that before secondary evidence can be given of the contents of a paper supposed to be lost or destroyed, that there must be a *bona fide* and diligent search, as the result of which the party offering to testify can state that the paper can not be found and that he honestly believes it to be lost or destroyed. But such statement must be given by the person to whose custody the paper belongs, or by one having access to the known places of deposit of such papers. When lost records become material in the determination of legal rights, they can be proved by secondary evidence like other documentary evidence. *Smith v. Wert,* 64 Ala. 34; *Bogan v. McCutchen,* 48 Ala. 493; *Donegan v. Wade,* 70 Ala. 501; *Baucum v. George,* 65 Ala. 259; *King v. Scheuer Bros.,* 105 Ala. 558; *Burks v. Bragg,* 89 Ala. 204; *Manfg. Co. v. Riley,* 80 Ala. 314; *Jernigan v. State,* 81 Ala. 58; 1 Brick. Dig., 848, §§ 632, 633.

So far as the guardian acts within the scope of his powers, he is bound only to the observance of fidelity and such diligence and prudence as men display in the ordinary affairs of life. He is not liable for investments carefully made, which subsequently prove worthless.—*Lee v. Lee,* 55 Ala. 590; *Newman v. Reed,* 50 Ala. 297; *Ashley v. Martin,* 50 Ala. 537; *Gould v. Hayes,* 19 Ala. 438; *Stewart v. Stewart,* 31 Ala. 207; *Henderson v. Simmons,* 33 Ala. 291; Schouler on Domestic Relations, §§ 348, 353, 354; Woener on Law of Guardianship, §§ 62, 63, 64, 65, 66, 67; *McIlhenny v. Nusick,* 63 Ill. 329; *Lamar v. Micou,* 112 U. S. 454; *Barney v. Parsons,* 54 Vt. 623; *Bryant v. Craig,* 12 Ala. 354; Jack's Appeal, 94 Pa. St. 367.

The decree in this case, in which the appeal was taken, was not authorized by any statute. Sections 3341-3351 of the Code of 1896, apply exclusively to matters in the circuit court or city court. There being no authority for the rendition of such decree, it was void.

VANDEGRAAFF & VERNER and S. D. LOGAN, *contra.*
A proceding by *supersedeas* is regarded in the nature of a bill in equity, but the same strictness in pleading

[Randall *et al.* v. Wadsworth, Guardian.]

is not required.—*Thompson v. Lassiter*, 86 Ala. 536-541; *Garrett v. Malone*, 54 Ala. 19. A superseadeas is not a substitute for an appeal, a motion for a new trial or an application for rehearing. "That which forms the ground for relief on supersedeas, must either rest on facts accruing subsequent to decree, such as satisfaction; or if it relates to antecedent facts, must show *fraud* in the decree, or the want of jurisdiction in the court, apparent on the face of the record; or a denial of the relation which authorizes execution." *Garrett v. Malone*, 54 Ala. 21, citing authorities.

A final settlement made by the guardian in the probate court, showing the amount of his indebtedness to his ward, is conclusive alike on the guardian and his sureties unless they can impeach it for fraud.—*Williamson v. Howell*, 4 Ala. 693; *Chilton v. Parks*, 15 Ala. 671.

The omission of the guardian to bring forward at the settlement credits to which he is entitled, even though he is insolvent and knowingly makes the omission, is not fraud, justifying relief by supersedeas,—the ward or succeeding guardian not participating in or procuring said omission.—*Williamson v. Howell*, 4 Ala. 693.

It is incumbent on the guardian to manage the trust estate in the same manner that a discreet man would manage his own concerns, and he is accountable if he neglects to do his duty. If he grossly violates his duty, or is guilty of unreasonable negligence, his acts are inspected with severity, and rules of strict if not rigorous justice are applied.—*McLean v. Hosea*, 14 Ala. 196; *Lee v. Lee*, 55 Ala. 590-595; *Brewer v. Ernest*, 81 Ala. 435.

The domicil of the father at the time of his death is the domicil of his infant child,—and a guardian having been there appointed, the domicil cannot be changed except as authorized by law.—Code, §§ 2368, 2373, 2247; *Moses v. Faber*, 81 Ala. 449; *Carlisle v. Tuttle*, 30 Ala. 613.

DOWDELL, J.—The appellants, who are sureties on the bond of one Joseph Powell, guardian of one Henry Powell, a minor, filed their petition for a *supersedeas*

of an execution issued by the probate court of Bibb county on a decree rendered by said court upon the final settlement of said Joseph Powell, the said guardian, of his said guardianship. As grounds for a *supersedeas* the petitioners aver and charge fraud in said settlement and in the procurement of said decree. The fraud charged consisted in an alleged false statement of his account by the said guardian in that it failed to ask credit for certain items which the petitioners claimed he should have been credited with, and that in said false statement of his account for final settlement as such guardian that J. B. Wadsworth, respondent, who was appointed as successor to said Joseph Powell in the guardianship, acted and was in collusion with him. The respondent made answer to the petition, denying its allegations of fraud and collusion, and further setting forth what is averred in the answer to be a true statement of the facts. A trial was had, and upon the hearing a judgment was rendered by the court denying to the petitioners a *supersedeas*, and it is from this judgment the present appeal is prosecuted.

The first and second assignments of error relate to the rulings of the court on the pleadings. In the first, the overruling of petitioners' demurrer to respondent's answer to the petition is assigned. This assignment finds no support in the record, since no judgment of the court on the demurrer is shown. It has been repeatedly decided by this court that a mere recital in the record to the effect that, "demurrer was overruled," or "sustained," is nothing more than a memorandum, wholly wanting in the essential elements of a judgment, and therefore insufficient to support an assignment of error based upon it.

The second assignment is based on the ruling of the court on motion to strike certain pleadings. Rulings on motions to strike can be presented for review on appeal only by bill of exceptions. Motions of this character are usually oral, and form no part of the record as pleadings proper, and although reduced to writing and copied into the record, cannot be considered as forming any part of the proceedings constitut-

ing the record proper in the court below. There is a similar motion, with a statement of the rulings thereon, to that here assigned as error, copied in the bill of exceptions, but no assignment of error is based on this, the assignment here being specifically directed to the motion and rulings thereon contained in the transcript as forming a part of the record in the trial court. Moreover, the exception upon which the assignment is based is without merit, as the petitioners asked, and were granted, leave, in lieu of the replications which were stricken, to amend their petition in regard to the matters set up in the replication in a manner to give them the benefit of any legal defense contained in said replications, which said amendment was subsequently voluntarily withdrawn by petitioners.

The third and fourth assignments of error are based upon the rulings as to the testimony of one J. F. Thompson, and are clearly wanting in merit. If any error was committed, it was subsequently cured, as this witness was withdrawn from the stand, and only testified after further search had been made by him for the papers in question.

Assignments numbered from five to thirteen, inclusive, relate to the introduction of secondary evidence, and may be considered together. The papers in question, on account of the loss of which the secondary evidence was offered, constituted a part of the file of the case being tried. The probate judge presiding at the trial was the proper custodian of these papers. He could not testify as a witness in a case which was being tried before him.—*Dabney v. Mitchell*, 66 Ala. 495. He caused a search to be made in his presence by J. F. Thompson, the son of his predecessor in office, who was shown to have assisted his father while probate judge, and to be familiar with the office. This was undoubtedly proper. After such search and a failure to find the missing papers, as shown by the record, we think a sufficient predicate was laid for the introduction of the secondary evidence. to the admission of which exceptions were reserved by the petitioners and here assigned as error.

The 16th assignment of error relates to the ruling of

the court upon a motion to strike an amendment offered by petitioners. The bill of exceptions fails to show that any exception was reserved to the action of the court in this regard. In the absence of an exception to the allowance of an amendment to the pleading, or to the striking of the same, on motion, there can be no revision of the action unless properly presented by bill of exceptions.—*Tuscaloosa Wharf Co. v. Mayor,* 38 Ala. 516, and cases there cited.

The two remaining assignments of error go to the merits of the case. In these two, the rightfulness of the decree rendered is challenged. A final settlement made by the guardian in the probate court, showing the amount of his indebtedness to his ward, is conclusive alike on the guardian and his sureties unless they can impeach it for fraud.—*Williamson v. Howell,* 4 Ala. 693; *Chilton v. Parks,* 15 Ala. 671. The omission of the guardian to bring forward at the settlement credits to which he was entitled, even though he is insolvent and knowingly makes the omission, is not fraud justifying relief by *supersedeas*—the ward or succeeding guardian not participating in or procuring said omission.—*Williamson v. Howell, supra.* In a proceeding for a *supersedeas,* that which forms the ground for relief must either rest on facts accruing subsequent to the decree, such as satisfaction; or if it relates to antecedent facts, must show fraud in the decree, or want of jurisdiction in the court, apparent on the face of the record, or a denial of the relation which authorizes execution.—*Gravett v. Malone,* 54 Ala. 21. As stated above, the ground upon which petitioners sought relief was that of fraud in the statement of the account for final settlement and the procurement of the decree thereon. This was denied by the answer, and upon this issue the case was tried. A good deal of the evidence introduced consisted in oral testimony given before the court. The bill of exceptions does not purport to set out all the evidence, and upon this an affirmance of the decree might be rested; but apart from this, in reviewing the decision of the probate court on a disputed question of fact dependent upon oral testimony,

[Randall *et al.* v. Wadsworth, Guardian.]

the rule of this court is not to reverse unless it is so manifestly against the evidence that a judge at *nisi prius* would set aside a verdict rendered on the same testimony.—*Brewer v. Ernest*, 81 Ala. 435.

Another question discussed by counsel is that of the jurisdiction of the court in granting letters of guardianship to Wadsworth as the successor of Powell. That the jurisdiction of the court attached, and rightfully so, in the grant of letters of guardianship to Powell, is not questioned. The court, having thus acquired jurisdiction, the fact of the removal of the guardian to another county, carrying with him his ward, does not terminate the jurisdiction. The domicil of the ward was that of his father at the time of his death, and this domicil could not be changed by the mere act of the guardian so as to defeat the jurisdiction which was acquired before such removal. The statute provides the only way in which the jurisdiction once acquired may be changed to that of a different county.—Code, §§ 2368, 2373, 2247. See also *Moses v. Faber*, 81 Ala. 449; *Carlisle v. Tuttle*, 30 Ala. 613.

We find no reversible error in the record, and the decree of the probate court is affirmed.

### On Application for Rehearing.

The question of the voidness of the decree appealed from for want of jurisdiction in the court to render a money judgment on the *supersedeas* bond was not brought to our attention on the original hearing, and is now for the first time on application for a rehearing pressed for consideration. Upon a review and inspection of the record we find that in the decree rendered, the court rendered a judgment and awarded an execution on the *supersedeas* bond against the sureties for the amount of the decree which was sought to be superseded and four per cent. damages thereon for delay. We further find upon inspection that the present appeal is taken from and limited to that part of the decree which awards a money judgment on the *supersedeas* bond. We are of the opinion, after full consider-

ation of this question, that the probate court was without jurisdiction to render such money judgment on the *supersedeas* bond against the appellants, and being without jurisdiction the judgment rendered on the bond against the appellants was void. The provisions of Art. 9, Chap. 91, Code of 1896, page 940, do not apply to proceedings on *supersedeas* in the probate court. The appeal being taken from a void judgment has nothing to support it; it follows that the appeal must, therefore, be dismissed.

Appeal dismissed.