# Shafer & Co. *v.* Hausman.

### *Action of Assumpsit.*

1. *Judgment by court without jury; presumption on appeal when bill of exceptions fails to recite that it contains all the evidence.*—On an appeal from a judgment rendered in a case which was tried by the court without the intervention of a jury, if the bill of exceptions fails to recite that it contains all the evidence, the appellate court will presume any state of evidence necessary to sustain the judgment of the trial court.

2. *Action for work and labor done; admissibility of evidence.*—In an action to recover for work and labor done upon a house, where, under the pleadings it was an issue of fact as to whether or not at the meeting of the creditors, the original contractor of plaintiff agreed to accept a *prorate* of what should be left after the houses were completed by the owner, which was made necessary by the original contractor giving up the work, and there was evidence tending to show that the plaintiff did not agree to such a *prorate*, it is competent for the defendant to ask a witness who was present at the meeting of the creditors, at the time and place designated, if it was not the agreement between the plaintiff and the defendant that he would accept a *prorate;* such evidence being relevant and not calling for a conclusion of the witness, but only for the statement of a collective fact.

APPEAL from the City Court of Montgomery.
Tried before the Hon. A. D. SAYRE.
This was an action brought by the appellant, E. E. Sha-

fer, doing business as E. E. Shafer & Company, against the appellee, D. S. Hausman, to recover an account due the plaintiff for work and labor done and material furnished upon and in the construction of a building for the defendant.

The complaint contained the common counts and also a special count claiming the sum of $200 due upon an agreement in writing, which, as stated in the opinion, was an order from S. L. Smith to the defendant to pay the plaintiff $200 for brick work on plaintiff's houses and which was endorsed as accepted by the defendant. .

The cause was tried upon the plea of the general issue. The evidence showed that S. L. Smith was the original contractor with the defendant for the construction of some houses, and that the plaintiff, E. E. Shafer & Co., were sub-contractors for said Smith. That in the contract with Smith, it was stipulated that the amount agreed to be paid him was to be paid in installments upon estimates furnished by the architects. That a few days after the fourth estimate had been made, the defendant was handed the following order: "Mr. Hausman. Pay Mess. E. E. Shafer & Co. $200 for brick work on your houses on Montgomery street, and charge the same to fifth estimate and oblige. .

August 3, 1901.          (Signed.)     S. L. Smith."

Upon this order there was the following endorsement:

"This amount will be retained out of the fifth estimate when it is due, and it is accepted on that condition.

August 3, 1901.          (Signed.)     D. S. Hausman."

The evidence further tended to show that a few days after this order was given to E. E. Shafer & Co. and presented to the defendant Hausman, the contractor Smith notified the defendant and the architect, that he would not be able to finish the work according to the contract, and would have to give up the work; that thereafter there was a meeting of the creditors of S. L. Smith in defendant's office, at which the defendant, the architect and S. L. Smith were present; that the manager of E. E. Shafer & Co. was also present; that at this meeting Hausman stated that Smith had decided to give up the work, and

that, therefore, he would complete the buildings under his own direction, employing the labor and buying the material himself, and that no more estimates were to be furnished by the architect, and that if there was any surplus remaining after the completion of the buildings, he would prorate the amount among the creditors of said Smith. That thereupon the houses were completed in accordance with this arrangement and as a matter of fact no 5th estimate or any other estimate was furnished to Hausman, and that it took more than the balance due at the time of the creditors' meeting to complete the said buildings, and that, therefore, there was no surplus left.

In rebuttal the plaintiff introduced witnesses who testified that they were present at the meeting of the creditors of Smith in Hausman's office, and that at this meeting the plaintiff declined to prorate with the other creditors of Smith, saying that he would lose all rather than prorate.

During the examination of Ausfeld, who was the architect for said buildings, he was asked by the defendant the following question: "Was it not the agreement between plaintiff and the defendant at Hausman's office, that he would accept a prorate of what should be left after the houses were completed?" The plaintiff objected to this question, upon the ground that it called for illegal, irrelevant and incompetent evidence, and upon the further ground that it called for the conclusions of the witness. The court overruled the objection, and the plaintiff duly excepted. The witness answered that this was the agreement. Thereupon the plaintiff moved to exclude this answer of the witness, upon the same grounds upon which the objection to the question was based. The court overruled the motion, and the defendant duly excepted.

The cause was tried by the court without the intervention of a jury, and upon the hearing of all the evidence the court rendered judgment for the defendant. To the rendition of this judgment the plaintiff duly excepted. Plaintiff appeals, and assigns as error the rendition of judgment for the defendant and the ruling of the court upon the evidence to which exceptions were reserved.

[Shafer & Co. v. Hausman.]

GRAHAM & STEINER, for appellants.

D. S. HAUSMAN and C. P. MCINTYRE, *contra.*—The testimony of the witness Ausfeld as to the agreement was rightly admitted. A witness may testify to a collective fact.—*Hood v. Disston & Sons,* 90 Ala. 378; *Griffin v. Isbell,* 17 Ala. 184; *Woodstock Iron Co. v. Roberts,* 87 Ala. 436; *Woodstock Iron Co. v. Reed & Partlow,* 84 Ala. 493; *Saltmarsh v. Bower & Co.,* 34 Ala. 613; *Anderson v. Snow & Co.,* 9 Ala. 247.

The judgment should be affirmed because: First, it should not be reversed unless plainly erroneous.—*Ward v. Shirley,* 131 Ala. 568; *Randall v. Wadsworth,* 130 Ala. 633; *L. & N. R. R. Co. v. Solomon,* 127 Ala. 189. Second, bill of exceptions does not purport to set out all of the evidence, hence appellee is entitled to an affirmance. *Randall v. Wadsworth,* 130 Ala. 633; *Sanders v. Steen,* 128 Ala. 633; *Postal Telegraph Co. v. Hulsey,* 115 Ala. 193.

DOWDELL, J.—This cause was tried by the city court without a jury. There are four assignments of error. The first two relate to the judgment rendered, and the other two, to the ruling of the court on the admission of evidence.

Only two questions are presented. The bill of exceptions does not purport to set out all of the evidence. "When on appeal the bill of exceptions fails to recite that it contains all the evidence, this court will presume any state of evidence which would sustain the giving or refusal of an instruction to the jury by the trial court." *Postal Tel. Co. v. Hulsey,* 115 Ala. 193; *Sanders v. Steen* 128 Ala. 633; *Randall v. Wadsworth,* 130 Ala. 633. For the same reasons this court will sustain the judgment of the trial court on the facts, where the cause is tried without a jury. Moreover, there was evidence tending to show that the order sued on was accepted conditionally, and, that the conditions never happened, and without any fault on the part of the defendant. This court has repeatedly held that a judgment will not be reversed un-

less plainly erroneous, on trials like this; and even if the bill of exceptions here had purported to contain all the evidence, on this state of the proof, it could not be said that the judgment was plainly erroneous.—*Ward v. Shirley,* 131 Ala. 568; *Randall v. Wadsworth, supra; L. & N. R. R. Co. v. Solomon,* 127 Ala. 189.

The plaintiff objected to the following question asked the witness Ausfeld: "Was it not the agreement between plaintiff and defendant at Hausman's office, that he would accept a prorate of what should be left after the houses were completed?" and moved to rule out the answer of the witness. The action of the court in over· ruling the objection, and permitting the evidence, constitutes the ground of the last two assignments of error. Evidence without objection was introduced both by plaintiff and defendant as to what transpired at Hausman's office in regard to the matter of a *prorate.* The evidence was relevant as bearing upon the question of the fulfillment of the conditions of acceptance of the order sued on. The question was not objectionable as calling for a conclusion of the witness. That which was called for, was only the statement of a collective fact, and the following cases seem conclusive of this proposition.—*Hood v. Disston & Sons,* 90 Ala. 378; *Woodstock Iron Co. v. Roberts,* 87 Ala. 436; *Woodstock Iron Co. v. Reed & Partlow,* 84 Ala. 493; *Saltmarsh v. Bower & Co.,* 34 Ala. 613; *Anderson v. Snow & Co.,* 9 Ala. 247; *Griffin v. Isbell,* 17 Ala. 184.

We find no reversible error in the record, and the judgment will be affirmed.

Affirmed.