# Reid *v.* McElderry.

## *Assumpsit.*

### (Decided June 30, 1914. 66 South. 7.)

1. *Arbitration and Award; Action on Award; Right.*—Where there has been no agreement on arbitrators, and the persons assuming to act as such have made only a partial statement of the account between the parties, there can be no recovery on the alleged award, although there has been an attempted mutual waiver of technicality.

2. *Appeal and Error; Review; Finding of Court.*—Where the evidence is conflicting and the trial was by the court without a jury, the finding of the court will not be reversed on appeal unless clearly against the great weight of the evidence.

3. *Same; Presumption.*—Where the bill of exceptions recites that it does not contain all the evidence, it will be presumed on appeal that the evidence not included in the bill of exceptions supported the finding of the trial court.

APPEAL from Talladega City Court.

Heard before Hon. CECIL BROWNE.

Assumpsit by T. W. Reid against G. T. McElderry on the common counts and on an award. Judgment for defendant and plaintiff appeals. Affirmed.

RIDDLE & BURT, for appellant. The plea of set-off was proper in this action.—*Drennen v. Gilmore*, 132 Ala. 248. The court should set aside the verdict.—*Dargan v. Harris*, 68 Ala. 144; *L. & N. v. Solomon*, 127 Ala. 189.

[Reid v. McElderry.]

HARRISON & WELCH, for appellee.   The bill of excep·
tions shows that it omits certain evidence, and it will
be presumed that such evidence sustained the finding of
the lower court.—*Shafer v. Hausman,* 139 Ala. 237. The
court will not set aside the finding of the trial judge un·
less it clearly appears to be erroneous.—*Montgomery v.
Massey,* 159 Ala. 437; *Bass & Heard v. Clements,* 60
South. 443.

SAYRE, J.—Appellant sued appellee on the common
counts for services rendered and for goods and merchan·
dise furnished during the year 1912.   There was a count
also which seemed to proceed as upon an award by arbi·
trators.   Appellee denied any indebtedness and the case
was tried by the court below without a jury, the parties
by their counsel having agreed that "all technicalities
be waived."

It is clear upon the evidence that appellant could not
recover upon the award alleged for the sufficient reason,
which appellant's testimony goes to show, not to men·
tion that of appellee to the same effect, that there was
no agreement upon arbitrators, nor did the persons who
assumed to make a statement of the account between the
parties, acting evidently under a misapprehension as
to their selection for that purpose, do more than make
a partial statement, that is, they stated that appellee
was indebted to appellant in a sum stated, subject to cer·
tain credits the amount of which was not stated.   This,
of course, was no award, nor did it tend to establish any·
thing as by legal evidence.   We have referred to it, how·
ever, as if it were entitled to consideration, for the rea·
son only that appellant appears to rely upon it, and
upon the fact that appellee's son was one of the persons
who assumed to make the statement, as greatly persua·
sive of the moral status of a controversy that was tried

out without regard to technicalities. The investigation was made by these persons without hearing from appellee, and the authority and correctness of its conclusion were by him promptly challenged. The so-called award was in and of itself evidence of nothing, nor did the mutual and well-intended, though mistaken, waiver of technicalities give it any better standing as an instrument of proof.

As for the merits of the controversy, so far as we have been able to extract them from the confusion into which the avoidance of technicality has left the record, they depended in essential part upon the testimony of appellant and appellee. These parties, testifying for themselves, were in conflict, the testimony of each going to sustain his own side of the controversy. The record affords no insight into the credibility of these parties such as the trial judge before whom they testified may have had, and the judgment below might therefore well be sustained on the ground that, so far as we can see, appellant failed to sustain the burden of proof which rested upon him.

Furthermore, the bill of exceptions contains a recital that: "The foregoing was substantially all of the evidence in this case, and all the evidence tended to show, with the exception of certain papers and commissary account book shown by bill of exceptions to have been offered in evidence."

The main difference between the parties arose out of the business carrid on at the commissary. The commissary account book was kept by appellant and showed, or should have shown, the principal matters of difference between the parties. This state of the record brings into view two closely related considerations either of which affords ample ground for our conclusion not to disturb the judgment under review: (1) The judgment

of the trial court has the force and effect of a jury find-
ing, and cannot be reversed in the absence of a clear
showing that it is against the great weight of the evi-
dence; (2) the presumption must be indulged that the
omitted evidence gave support to the finding of the trial
court.—*Shafer v. Hausman,* 139 Ala. 237, 35 South. 691,
an dcases there cited.

Affirmed.

ANDERSON, C. J., and McCLELLAN and DE GRAFFEN-
RIED, JJ., concur.