192 So.2d 448

**COMMERCIAL NATIONAL BANK OF ANNISTON**

v.

**Charles David SURRETT et al.**

7 Div. 720.

Supreme Court of Alabama.

Oct. 27, 1966.

Rehearing Denied Dec. 8, 1966.

Merrill, Merrill, Vardaman & Williams, Anniston, for appellant.

No attorney marked for appellees.

PER CURIAM.

Appellant, a contract creditor of respondent, Charles David Surrett, the debt having matured, filed an amended bill of complaint against appellees in the Circuit Court of Calhoun County, in Equity, to vacate and set aside a certain deed of Charles David Surrett to his wife, Pauline Surrett, on the grounds that the conveyance was voluntary, without valuable consideration, was constructively and actually fraudulent, that is, it was executed with the intent to hinder, delay and defraud complainant and to place the property beyond its reach, all pursuant to Title 7, § 897, Code 1940.

246

The debt at the time the bill was filed had not been reduced to judgment and complainant did not have a lien on the conveyed property.

The respondents, after adverse ruling on demurrer filed, answered the amended bill and denied each and every allegation with a demand for strict proof thereof.

The trial court, after hearing the evidence ore tenus, made a finding of fact that at and before the time of the conveyance of the respondent Surrett to his wife, the entire interest of the said respondent Charles David Surrett (who owned one-half interest and the wife the remainder) was the homestead of the respondents. The final decree denied relief and dismissed the bill. Complainant appeals therefrom and assigns the decree as error.

It is not apparent from the evidence before us that the real estate here involved was two separate and distinct urban lots or was one lot. There was a ten-foot strip of land between the houses which was used as an access to another house to the rear on another not owned by respondents. The area on one side of the ten-foot strip was 50 x 175 feet, upon which was situated a "big house," in which the respondent Pauline Surrett lived at the time her husband conveyed the same to her. The area on the other side of the ten-foot strip had a smaller residential house on it.

It is apparent that appellant offered in evidence a note dated May 14, 1962, in the original amount of $221.40; also a mortgage attached was introduced.

Appellant offered in evidence a note dated April 23, 1962, in the original principal sum of $1386 and the mortgage attached.

Also complainant offered in evidence a certified copy of the deed from Charles David Surrett to Pauline Surrett, recorded in Book 1117, p. 59.

Respondents offered in evidence a deed from Mr. and Mrs. Bean to appellees "on one house." Likewise they offered in evidence a deed from J. Walton Hemphill to respondents. The first deed apparently was a deed to the "big house" and the other instrument was a deed to the "little house."

Also a *lis pendens* notice was offered in evidence, but not set out in the record.

Neither of the above documents appears in the record. The court reporter, in transcribing the evidence, certified that it was difficult or impracticable to reproduce them in the record. Neither of these omitted documents has been sent up to this court for consideration along with the evidence in the record.

Where a transcript of the evidence does not contain all the evidence and is not certified to this court, conclusions of fact by the trial court will not be reviewed.— Prine v. American Central Ins. Co., 171 Ala. 343, 54 So. 547; Alabama Digest, Vol. 2, Appeal & Error, ☞695.

Where the record does not purport to set out all the evidence and is not before this court by certification, we cannot put the trial court in error on the ground that his decree was not supported by the evidence.—City of Eufaula v. Speight, 121 Ala. 613, 25 So. 1009; Randall v. Wadsworth, 130 Ala. 633, 31 So. 555; Stewart v. Guy, 138 Ala. 176, 34 So. 1007; E. E. Shafer & Co. v. Hausman, 139 Ala. 237, 35 So. 691; Alabama Digest, supra, ☞696(1), (2).

The omissions from the record of the exhibits here noted do not come within the purview of Supreme Court Rule 51, adopted on December 6, 1965, and effective on that date. See Supreme Court Rule 51, Vol. 278 Alabama Reports, p. xx; Recompiled Code of Alabama, 1958, Vol. 3, Cum. Pocket Part.

We cannot tell from the record, in the absence of the deeds offered in evidence, not set out in the record or certified, if the access area between the "big house" and the "little house" was included in the omitted conveyances and was the subject of permissive use as an access or was not in-

cluded and the lots were separate and distinct areas of land with a public alley between them.

The record is incomplete in that the documents introduced in evidence are not copied in this record, nor were they certified here.

Under the circumstances we must affirm the judgment, and it is so ordered.

The foregoing opinion was prepared by Bowen W. Simmons, Supernumerary Circuit Judge, and is adopted by the court as its opinion.

Affirmed.

LIVINGSTON, C. J., and LAWSON, GOODWYN and COLEMAN, JJ., concur.