## GODBOLD ET AL. *vs.* MEGGISON, ADM'R.

1. An entry of record, in a suit commenced in the name of T. S., that it was represented to the court that G. D. M. was the administrator of T. S., with a prayer that G. D. M. be made a party plaintiff, is sufficient to authorise the appellate court to infer the death of T. S., and that the action of the court was based on sufficient evidence of that fact.

2. Where a bond, or note, given to one as guardian, is sued on in his name, and he dies, the suit should be revived in the name of his administrator, and not in that of the minor, or guardian subsequently appointed.

3. Where service of the writ has been accepted, and omitted to be proved, it may be proved and entered at a subsequent term; and where

the record disclosed an order "that proof of the acceptance of the writ be now entered as of the last term," this court will intend that the proof was made.

Error to the Circuit Court of Baldwin. Tried before the Hon. John Bragg.

The facts in this case appear in the opinion of the court.

K. B. SEWALL, for plaintiffs in error:

1. The death of Thomas Sanders, the original plaintiff, is not in any manner shown upon the record. Meggison was, therefore, improperly made a party in his stead. Curry & Co. v. Paine, adm'r, 3 Ala. 154; Hughes v. Ringstaff, 11 do. 566; 1 Saund. Pl. & Ev. 402; Thompson v. Donaldson, 3 Esp. 63; Try v. Hard, 8 Pick. 529.

2. If the death of Sanders did appear, his successor as guardian, and not his administrator, should have carried on the suit. Harbin v. Levi, 6 Ala. 402, 403.

3. The suit was improperly brought in the name of *Sanders, guardian;* it should have been in the name of his wards, by their guardian. Sutherland v. Goff, 5 Por. 508; Caskadden v. McGlice, 7 Watts & S. 140.

4. There was no proof of the acceptance of service by Etheridge; leave to make proof is not sufficient. Moore v. Horn et al., 5 Ala. 235; Welch v. Walker, 4 Por. 120.

C. W. RAPIER, contra:

1. The record sufficiently shows, that at the fall term 1847, the death of the plaintiff was suggested, and Meggison, his administrator, made a party.

2. The administrator of the estate of Sanders was properly made a party plaintiff. Sanders was the real plaintiff in the action, and the right of action was in him, as appears from an inspection of the note sued on. It must be intended, from the word *bearer* used in the note, that the amount was payable to Sanders in his individual right. Clay's Dig. 313, § 1; 6 Ala. 399; 15 Wend. 345; 9 do. 425; 5 Ala. 202.

3. It was not error to allow, at a subsequent term after judgment, an entry, *nunc pro tunc,* of proof of the acceptance of service of the writ by one of the defendants. See 5 Ala. 234.

DARGAN, J.—This suit was commenced by Thomas Sanders, on a promissory note, given by the defendants to him, by which they promised, twelve months after date, to pay to Thomas Sanders, guardian of the minor heirs of David Moniac, deceased, or bearer, four hundred and fifty dollars. A declaration was filed against all the defendants, in the name of Sanders, at the fall term 1846. At the fall term 1847, the following entry was made: This day came the plaintiff, and represented to the court that George D. Meggison is the administrator of Thomas Sanders, deceased, and prays the court to make said Meggison, administrator as aforesaid, a party plaintiff to this suit; and the defendants failing to file their plea within the time prescribed by the rules of this court, it is considered that the plaintiff recover, &c.

The first assignment of error is, that Meggison was improperly made a party, as the death of Sanders does not appear of record. It must be admitted, that the entry is very informal; but we think it sufficiently indicates the death of Sanders. The question is not, what shall be sufficient evidence to establish the death of a party to the suit; but it is, whether the record shows the death of Sanders, the original plaintiff. The language is, that George D. Meggison is the administrator of Thomas Sanders, deceased. From this we are bound to infer his death, and that the action of the court was based on sufficient evidence of that fact.

2. The second assignment of errors denies the right of the administrator to prosecute the suit, and it is insisted that the note shows on its face that it was the property of the minor heirs of David Moniac, deceased, and therefore their guardian, appointed after the death of Sanders, should have continued the suit in his own name. The rule of pleading is, that the suit must be brought in the name of him in whom is vested the legal title. Here the promise was to Thomas Sanders, and not to the minor heirs of David Moniac. For a breach of this promise, Sanders had the right to sue, and this right survived to his administrator. It is true, that if a note is given to an administrator, which is assets of the estate, if he is removed from office, and afterwards sues on the note, the defendant may plead this in bar of the suit. Harbin v. Levi, 6 Ala. 402; Dunham v. Grant, 12 Ala. 105. But even in the

Godbold et al. v. Meggison, adm'r.

case of an administrator suing on a note, given to him as such, it must be made to appear that the note belongs to, or is assets of the estate, and that the administrator is removed. But if the contract was made with the administrator, he is not compelled to sue in his representative character for a breach of it; but he may declare in his own right, and if it appears that the contract was made with him as administrator, this will be regarded but as *descriptio personæ*—Harbin v. Levi, 6 Ala. 401; 6 East. 405; Chitty's Pl. 14;—and he will be permitted, in his own name, to recover, notwithstanding he may be described in the contract as administrator, unless the defendant, in his defence, shows that the debt or cause of action belongs to the estate, and that the plaintiff is not the administrator. Assimilating, then, the note sued on to a note given to one as administrator, we would hold that there was no error, for there was no proof to show that the note did not belong to Sanders, save that he is described in the note as guardian of the heirs of Moniac; and this would be considered as *descriptio personæ* merely. We, however, are of the opinion, that a note or bond given to one as guardian, is correctly sued on in his name, and if he be dead, the suit should be in the name of his administrator; and that the legal right of action is neither in the minor nor in the guardian subsequently appointed. The promise is made to the guardian, and he alone is authorised to sue for a breach. Walker v. Walker, 3 Pennsyl. 21; Pond v. Curtis, 7 Wend. 45; 4 Scam. 325.

3. The writ was not executed by the sheriff on Etheridge, one of the defendants; but on the back of it is written *service accepted*, and signed by Etheridge. The record shows, that at a term subsequent to the rendition of the judgment, an entry was made as follows: This day came the plaintiff, and moves the court that an order *nunc pro tunc*, as of the last term of this court, be now entered, that Etheridge did accept service of a branch writ in this cause, and that the plaintiff be permitted, as of the last term, to prove the acceptance of service: It is therefore ordered by the court, that proof of the acceptance of service be now entered, as of the last term. It is not denied, but that the plaintiff, if he has neglected to prove the acceptance of the writ before judgment is rendered, may, even at a subsequent term, show to the court below that ser-

vice was accepted, and have that fact entered of record, and thereby avoid a reversal of the judgment. Moore v. Horn & Bouldin, 5 Ala. 234. But it is contended, that the entry merely shows that permission was given to make such proof, and not that proof was made. We think a reasonable and fair construction of the order is that the proof was made. The language of the entry is: "It is therefore ordered, that proof of the acceptance of the writ be now entered, as of the last term." The evidence of the acceptance of service need not be entered of record, but it need only appear that proof was made that the service was accepted; and this, we think, is the intendment we should place on this order.

Let the judgment be affirmed.