## LANE *vs.* MICKLE.

[ FINAL SETTLEMENT OF GUARDIANSHIP. ]

1. *Guardian; when chargeable with the amount of a decree in ward's favor.*
   A guardian, on final settlement, is properly chargeable with the amount of a decree, rendered by the probate court in the ward's favor, against the administrator of ward's father, when such defendant and securities are solvent and able to pay, or when the same could have been collected by due diligence.
2. *Same.*—The guardian can not receive from such administrator, in payment of such decree, the note of third persons, and if he fails to collect it, have a credit for the same on his final settlement.

APPEAL from the Probate Court of Randolph.

The facts are fully stated in the opinion.

AIKEN, for appellant.

C. D. HUDSON, *contra.*

[No briefs came into the hands of the reporter.]

PETERS, J.—John Lane and his wife Martha, formerly Martha Payne, on the 13th day of May, 1861, petitioned the judge of probate of Randolph county, in this State, to cite Marion J. Mickle as guardian of said Martha, who had then intermarried with said Lane, and had attained the age of twenty-one years, to file his account and vouchers, and make final settlement of his said guardianship in the court of probate of said county. Said Mickle thereupon came into said probate court, and in answer to said petition demurred to the same, which demurrer was overruled, and said guardian filed his account for final settlement of his said guardianship, in said probate court. In this account the guardian charges himself with the sum of two hundred and eleven dollars and forty-nine cents, and interest thereon for seven years, which amounted to the further sum of one hundred and eighteen dollars and forty-three cents ; and the two items together made an aggregate of three hundred and twenty-nine dollars and ninety cents. The sums thus charged are described as " amount received of Dr. J. H. Davis, late administrator of Thomas Payne, deceased, the father of said ward," and " interest thereon for seven years." The account is then credited, " by amount of a note on A. G. and George L. Emory," received of Dr. Davis, " as the administrator of Thomas Payne, deceased, which was good when taken, and is now insolvent," for the sum of two hundred and eleven dollars and forty-seven cents, and interest thereon for seven years, which is the additional sum of one hundred and eighteen dollars and forty-seven cents ; the two items making a total credit of three hundred and twenty-nine dollars and ninety cents—thus making the charges and the credits the same. On the day appointed for said settlement, the said Martha and her said husband appeared, by their attorney, and contested the allowance of said credit for three hundred and twenty-nine dollars and ninety cents.

On the trial of the contestation thus raised, it appeared in evidence, before the court below, that at the time said Mickle was appointed guardian of Mrs. Lane, ( then Martha Payne, ) said Davis, as administrator of her father, Thomas Payne, deceased, owed her, by decree in the probate court of said county of Randolph, rendered him in her favor, the sum of two hundred and eleven dollars and forty-seven cents, and interest thereon from the date of said decree; that said decree was for Mrs. Lane's distributive share of her father's estate ; that said Davis and his securities, as such administrator as aforesaid, were then, and ever since have been, perfectly solvent and able to pay the amount of said decree. It was also shown, that said guardian had received in payment of the sum· due by said decree, said note on said Emorys, which was for the same amount of said decree ; that said note was solvent when it was first taken in payment of said decree, but had since become insolvent, and so now remains. Upon this proof the court overruled the exception to the allowance of said note as a credit in favor of said guardian, and passed the same to his credit, to which said ward and her husband, by their attorney, excepted ; which exception was properly made a part of the record in this case ; and, thereupon, on said final settlement, said probate court decreed and adjudged that the said guardian owed "nothing in money to said ward ;" discharged him from further accounting, and taxed the said ward and her husband with the costs. To this judgment and decree of the court thus rendered, the said ward and her husband excepted, and their exception is made a matter of record, as required by law. From this decree the cause is brought to this court upon appeal by said ward and her husband. On the trial below, several exceptions, besides those mentioned above, were taken and reserved by bill of exceptions by contestants ; but as they do not effect the disposition of this case in its present condition, their further consideration is omitted. It also appeared that said guardian was examined by the court on said settlement, and that exception was taken to his testimony by contestants, which was also reserved.

The guardian on his final settlement was liable to account

for the amount of the decree against Davis, in favor of Mrs. Lane, and for interest thereon from the date of said decree. It was a debt in favor of the ward, which, by due diligence, could have been collected. The guardian, therefore, very properly charged himself with it, and the interest which had accrued upon it.—*Hughes v. Mitchell*, 19 Ala. 268; *Nelson v. Cook*, 30 Ala. 498; Const. U. S. Art. 1, § 10, Cl. 1; Rev. Code, 3, 2426; *Harrison v. Mock*, 10 Ala. 185; 24 Ala. 584.

But the credit for the amount of the note on the Emorys, which had been received from Davis, was improperly allowed; though it was the duty of the guardian to collect the amount of the decree against Davis, he could only collect it in money, or something made by law a legal tender, in payment of debts. The transaction was wholly unauthorized by law, and could not be made to justify the item of credit asked and allowed by the court below, which was based on it. The guardian should be charged with the amount of the decree against Davis, in favor of Mrs. Lane, and interest thereon from the date of the decree up to the final settlement, but should not be allowed any credit for the note. It was competent for the court below to examine the guardian on the final settlement.—Rev. Code, §§ 2422, 2136, 2144, 2145, 2146, 2152, 2704, 2147, 2449.

The decree of the probate court is reversed and the cause remanded for a new trial.