(77 South. 341)

LEACH v. GRAY et al. (5 Div. 686.)

(Supreme Court of Alabama. Dec. 20, 1917.)

1. GUARDIAN AND WARD ⚖︎56 — LOANING MONEY OF WARD—SECURITY.

It is a guardian's duty in loaning money of his ward to require security, and if he knows that the security is insufficient or has no good reason to believe it sufficient, he is liable, regardless of the solvency of the borrower.

2. GUARDIAN AND WARD ⚖︎175 — LOANING MONEY WITHOUT SECURITY—LIABILITY.

The loaning, by a partner, of his ward's money to the firm without requiring security as provided by Code 1907, § 4376, was a devastavit, and the guardian and his sureties were liable for repayment of such money to the ward.

3. SET-OFF AND COUNTERCLAIM ⚖︎44(2) — DEBTS OF A PARTNER.

Where a partner loaned his ward's money to the firm without taking security as required by Code 1907, § 4376, the debt was an individual demand of the guardian which he had the right to collect in his individual capacity, and in a suit to liquidate the partnership the partnership could set off as against the debt, debts due the partnership by the guardian; the ward not having ratified the transaction.

4. TRUSTS ⚖︎102(2)—FOLLOWING FUNDS OF WARD—LIABILITY OF BORROWER.

Where a partner loaned his ward's money to the firm without security, the members of the partnership, having notice of the trust nature of the fund, were liable to the ward as trustees in invitum.

5. PARTNERSHIP ⚖︎313 — SUIT BY MEMBER AGAINST FIRM.

The rule that one partner cannot sue another does not obtain in a suit in equity to dissolve an insolvent partnership, since such court will proceed to a complete determination of all controversies touching the demands of the firm against its members.

Appeal from Circuit Court, Tallapoosa County; W. W. Whiteside, Judge.

Controversy between W. F. Leach, as guardian, etc., and William Gray and others. From the decree rendered, the former appeals. Affirmed.

James W. Strother and J. P. Oliver, both of Dadeville, for appellant. D. W. Crawford, of Dadeville, and N. D. Denson & Sons, of Opelika, for appellees.

THOMAS, J. There is but one question presented by the appeal, and the record is unnecessarily voluminous in the presentation of that question.

May a guardian who, without security, has loaned money of his ward to a firm of which he is a member, in a suit in equity to dissolve and settle that insolvent partnership, have the amount so loaned paid back to him by the receiver out of the assets of the partnership, or may the individual indebtedness of such partner to his firm be set off against such claim?

In answering concretely the question propounded, it may be important to observe that one of the complainants in this case, a member of the partnership being liquidated in the court of equity, was a surety on the bond of the respondent guardian (appellant here) at the time the questioned loan was made to said firm; that said complaining partner and surety is a large creditor of the partnership, having liquidated many of its general debts; that respondent member of the partnership, who made the loan thereto, was the active managing member of the firm; and that this partner personally was insolvent at the time of the settlement of the partnership affairs in equity.

The decree of the chancellor was to the effect that the amount so loaned was a devastavit of the guardian. Thereafter the sureties on his official bond were responsible to the ward, on accounting to the court having jurisdiction; and, the respondent partner being indebted to the firm in a sum largely in excess of the loan, said amount may be credited upon said partner's individual indebtedness to the partnership.

It is not denied that, when the guardian loaned his ward's funds to the partnership without "bond or mortgage, or a good personal security," as required by statute, he committed a devastavit. Code of 1907, § 4376; Lee v. Lee, 55 Ala. 590; May v. Duke, 61 Ala. 53; Lee v. Lee, 67 Ala. 406; McGowan v. Milner, 195 Ala. 44, 52, 70 South. 175.

[1] In the absence of statute, it is a guardian's duty to loan the moneys of his ward

<hr />

⚖︎For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

with security; and if he knows the security to be insufficient, or "has not good reason for believing sufficient, whatever was the credit, or the solvency of the borrower," he is liable, because such a loan is a breach of trust, a violation of duty. Smith v. Smith, 4 Johns. Ch. (N. Y.) 281; Lee v. Lee, supra.

In McGowan v. Milner, supra, we said on this subject:

"The use of trust funds, or a loan to the firm of which the guardian was a member, was a devastavit for which the guardian must account, and he is not entitled to commissions thereon."

[2] A necessary consequence of such a devastavit by the guardian, his making a loan in disregard of the statute, is that he and his sureties assume, and are subject to, the repayment of such money to the ward. As between the borrower and the lender, such a devastavit results in an individual obligation, that may be superseded only by ratification of the transaction by the ward, his election to treat the debt as an asset of his estate. That is to say, where the ward is under no legal disability, and, having the right of election under the law, freely exercises that right by ratifying the unlawful act of his guardian, such property becomes that of the ward's estate. Without such election, the conversion involves the guardian in liability from which he cannot be relieved—

"until satisfaction is made to the cestui que trust. The debt contracted by the borrower [by way of the devastavit] is his individual property, unless the cestui que trust elects to treat it as assets, and when the trustee collects it, in the absence of an election by the cestui que trust, it is his own debt he collects." May v. Duke, 61 Ala. 53, 57.

In Tomkies v. Reynolds, 17 Ala. 109, 115, 116, Chief Justice Dargan said:

"For instance, if an executor or administrator make a contract in reference to the assets of the estate, which would amount to a devastavit and render him individually liable to the estate for the amount of money due on the contract, those interested may hold him responsible and may decline to pursue the party who contracted with the executor. Should he be denied the right to sue the party who contracted with him, because he has been removed from office, when he is individually liable to the estate for the debt that the defendant promised to pay him?"

Of the Tomkies Case it is interesting to note that Judge Stone was the attorney for appellee, who maintained the right of the executor who loaned the money or choses in action of the estate without authority to do so to sue on the contract in his own name until he has been discharged from liability incurred by the devastavit, and that this right of action exists notwithstanding such executor has resigned or been removed from the executorship. Bryan v. Wilson, 27 Ala. 208, 215; Waldrop v. Pearson, 42 Ala. 636; Dunlap v. Newman, 47 Ala. 429; McGehee v. Slater, 50 Ala. 431; Waring v. Lewis, 53 Ala. 615; Collins v. Greene, 67 Ala. 211, 215.

[3] The debt for the loan of his ward's money was an individual demand of W. F. Leach against the partnership at the time of the devastavit, and thereafter down to the holding of the reference. He had the legal right to collect the debt in his individual capacity. In a suit to liquidate the partnership, the partnership could set off, as against such individual claim, debts due the partnership by the said Leach. In Drennen v. Gilmore, 132 Ala. 246, 31 South. 90, 90 Am. St. Rep. 902, it is said of set-off:

"'A set-off, to be available, must be owned by defendant in absolute right at the time the suit is brought. It is not enough that, together with another partner, the defendant owns the claim. It must be such demand as that he, in his own name, or in the names of defendants sued, without bringing in the name of a stranger to the suit, may maintain an action of debt or indebitatus assumpsit upon it against the party or all the parties suing, as the case may be. Less than that is not mutuality. Ownership at the time of suit brought is of the very essence of the right.' * * * In order to sustain a set-off under the statute, the debts must be mutual, and the demands must be subsisting causes of action, such as will give to the plaintiff and defendant a simultaneous cause of action, the one against the other, at the time the suit is brought."

[4] If the amount due on said note of the partnership to W. F. Leach, guardian, is not set off by the amount due that partnership by him, the ward may maintain suit against the individual members of the firm for the conversion, since it is clear that the partnership had notice of the trust nature of the funds. It is established, not only that when a guardian lends the moneys of his ward without security he is guilty of a breach of official duty, but that, if the borrower thereof is cognizant of such breach of duty, he becomes a trustee of the money in invitum; and the ward may hold them accountable as joint and several trustees. Lee v. Lee, supra; Robinson v. Pebworth, 71 Ala. 240; Milhous v. Dunham, 78 Ala. 48; Wolffe v. State, 79 Ala. 201, 58 Am. Rep. 590; Collier v. Henderson, 86 Ala. 279, 5 South. 488; Goldthwaite v. Ellison, 99 Ala. 497, 12 South. 812.

[5] It cannot be urged against the set-off that Leach, being a partner, could not sue the partnership at law. The same rule does not obtain in equity, since that court, having taken over the liquidation of the partnership, "will proceed to the complete determination of all controversies touching * * * its demands against the members" thereof "and their claims." Northen v. Tatum, 164 Ala. 368, 374, 51 South. 17; Hicks v. Meadows, 193 Ala. 246, 69 South. 432; Nixon v. Clear Creek Co., 150 Ala. 602, 43 South. 805, 9 L. R. A. (N. S.) 1255; Farris v. Houston, 78 Ala. 250.

The guardian and the sureties on his official bond, becoming liable for the conversion of the fund at the time of the devastavit, will be held to account on final settlement of the guardianship. In this suit the ward is not exercising his right of election to ratify the unauthorized act of the guardian in making the loan, by filing his claim therefor against the partnership. The ward may elect to re-

quire the guardian and the sureties on his official bond to respond therefor on final settlement, or to require the guardian (Williamson v. Howell, 4 Ala. 693; Chilton v. Parks, 15 Ala. 671; Ragland v. Calhoun, 36 Ala. 606; Gravett v. Malone, 54 Ala. 19; Hailey v. Boyd, 64 Ala. 399; Grace v. Martin, 47 Ala. 135; Randall v. Wadsworth, 130 Ala. 633, 31 South. 555) and the individuals composing the partnership when the loan was made, one or both, having knowledge of the existence of the trust, to account therefor.

It results that the decree of the chancellor is affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.