(80 South. 792)

GRACE v. PERUNBO et al. (6 Div. 804.)

(Supreme Court of Alabama. Jan. 16, 1919.)

GUARDIAN AND WARD ⬤═165 — BILL TO CORRECT SETTLEMENT OF PRIOR GUARDIAN—STATUTE.

Bill by guardian showing injury to wards by prior guardian and sureties, absence of fault or neglect by complainant, and special ground for relief in failure of prior guardian to disclose existence of properties of wards, or to call sureties to account for conversion, and final settlement without accounting and disclosure, *held* to state case within Code 1907, § 3914, providing for correction of settlements, as construed.

Appeal from Circuit Court, Jefferson County; Hugh A. Locke, Judge.

Suit by M. B. Grace, as guardian, against Louis Perunbo and others. From decree for respondents, complainant appeals. Reversed and remanded.

Silberman & Hoskins, of Birmingham, for appellant.

Sterling A. Wood, of Birmingham, for appellees.

THOMAS, J. The appeal is from a judgment sustaining demurrer to the bill as last amended, filed under the statute. Code, § 3914.

The allegations of fact on which the amended bill rested its equity may be stated in short as follows: It is averred that Joe Dudchouack died, leaving as his heirs at law the parties named in the bill, and certain real and personal properties in Jefferson county; the conversion by Joseph Slovensky and John Pavlick of certain of said personal property belonging to the deceased, after his death and before the grant of letters of guardianship; the appointment of respondent Louis Perunbo, as guardian of said minors; that the sureties on his official bond as guardian were the afore-named persons, who, it was averred, were guilty of said conversion; and that the knowledge by Perunbo of the fact of this conversion came to him before the filing of his application for discharge as guardian in the probate court; the failure of the guardian to make any effort to reduce to possession said personal property of his wards or to compel restitution thereof by said bondsmen; the minority of the wards, their inability to protect their interests in the matter, and lack of knowledge that application had been made by said guardian for final settlement. It is further averred that their guardian ad litem was ignorant of the fact that any personal property belonged to said wards of the estate of deceased or of the conversion of said properties, and which ignorance was occasioned on the part of the guardian by the suppres-

sion of the facts concerning such properties and of its conversion by said sureties in filing his application for appointment as guardian, or in his application for final settlement and discharge, or in the other writings filed by him in the cause during the pendency of his said guardiancy.

The averments of such fact show injury to complainant's wards, the absence of fault or neglect on the part of complainant, and the special ground of relief for the fraudulent act of their adversary in not disclosing the existence of said properties or in calling to account his said sureties for its conversion, and his final settlement of the trust without accounting therefor and acquainting the court of such fact. The averments of the bill were sufficient to bring the case within the purview of the statute, section 3914 of the Code of 1907, and its construction in the cases collected in Evans v. Evans, 200 Ala. 329, 76 South. 95; Waldrom v. Waldrom, 76 Ala. 285; Waring v. Lewis, 53 Ala. 615.

The decree of the circuit court, in equity, is reversed, and the case is remanded.

Reversed and remanded.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.