**RAMSEY v. McMILLAN.** (2 Div. 878.)

(Supreme Court of Alabama. Dec. 3, 1925. Rehearing Denied Jan. 21, 1926.)

**1. Insane persons ⬅65—Guardian has duty to collect assets of ward, and discharge duties of trust in careful and prudent manner.**

Guardian of an incompetent has duty to collect and take into possession assets of ward, and discharge duties of trust in the same manner that a careful and prudent business man manages his like personal affairs.

**2. Insane persons ⬅65—Guardian is responsible for properties of ward coming into his hands, and must use due diligence in managing estate.**

Guardian is responsible for properties of a ward coming into his hands, or that should have been reduced to his possession, and is required to use due diligence in managing and taking care of ward's estate.

**3. Insane persons ⬅65—Guardian is liable for negligence in respect to property, in absence of due diligence.**

If property of ward is lost or injured through negligence or misfeasance of guardian, the latter is liable to the extent that any trustee would be liable under the same circumstances, in that he must show due diligence.

**4. Insane persons ⬅38—Failure of guardian to file inventory is not ground for removal, where there is no loss to the estate, and failure is from inadvertence.**

Under Code 1923, § 8148, guardian must file inventory, though failure is not ground for removal, where there is no loss to the estate, and failure is for inadvertence, in view of section 8149.

**5. Insane persons ⬅41—Failure to file annual accounts or negligence which works no injury cannot deprive guardian of compensation.**

Under Code 1907, §§ 4375, 4440, neither failure to file annual acounts nor negligence, which works no injury, and is not mala fides, can deprive a guardian of compensation as differing from section 2579, relating to administration of estates of decedents.

**6. Courts ⬅202(5)—Presumption is in favor of order and decree rendered by the probate court after hearing of objections and evidence.**

After a full hearing, by probate court, of objections and motions to charge, and the evidence in support or denial, presumption is in favor of order and decree rendered.

**7. Courts ⬅202(5)—Very clear conviction of error is required to justify reversal of probate decree on disputed question of fact.**

On appeal from a probate decree as to a disputed question of fact, it requires a very clear conviction of error to justify reversal.

**8. Insane persons ⬅41—Commission of guardian properly allowed, where there was no fraud or conversion of trust funds or negligence shown.**

Where guardian of incompetent was present at inquisition under Code 1907, § 4345 et seq., and was afterwards appointed and immediately took charge of estate, and there was no fraud or conversion of trust funds or gross negligence shown, which should deprive him of commissions, they were properly allowed by probate court.

**9. Insane persons ⬅42(5)—Allowance of attorney's fees held proper.**

Allowance of credit for services rendered by attorneys in same court, before whom services were rendered, and which were not shown to have been unreasonably compensated, *held* proper.

**10. Insane persons ⬅65—Guardian held to be without blame for creditor claiming debt by crediting stock of goods belonging to ward in accordance with ward's instruction.**

Where guardian of incompetent permitted creditor to collect debt by crediting stock of goods belonging to ward in accordance with instruction of ward, being done in good faith, guardian was properly held to be without blame.

Appeal from Probate Court, Wilcox County; P. M. Dannelly, Judge.

Motion of J. H. Ramsey, as guardian of the estate of Jennie Rucker, non compos mentis, to surcharge the account of E. E. McMillan, late guardian of said estate, with cer-

---

tain items on final settlement. From a decree overruling the motion, movant appeals. Affirmed in part; in part reversed and remanded.

I. I. Canterbury, of Linden, for appellant.

It is the duty of the guardian to collect the assets of his ward wherever found, and he is responsible for personal property coming into his hands, or that should have come into his hands, or that should have been reduced to possession. 21 Cyc. 79, 81; Edmondson v. Jones, 204 Ala. 144, 85 So. 799; Stewart v. McMurray, 82 Ala. 269, 3 So. 47; 12 R. C. L. 23; Lane v. Mickle, 46 Ala. 600; McLean v. Hosea, 14 Ala. 194, 48 Am. Dec. 94; Hughes v. Mitchell, 19 Ala. 268; Griffin v. Pringle, 56 Ala. 486; Lyon v. Foscue, 60 Ala. 468; Nunn v. Nunn, 66 Ala. 35; Woodruff v. Snedecor, 68 Ala. 437. The guardian is required by statute to file an inventory. Code 1923, § 8148; 28 C. J. 1130. It is error to allow items not covered by voucher and without evidence to establish their correctness. Code 1923, §§ 8207, 8208, 8210; McDonald v. Carnes, 90 Ala. 147, 7 So. 919.

Bonner & Miller, of Camden, for appellee.

The presumption of law is in favor of the decree rendered on a disputed question of fact. Williams v. Gunter, 28 Ala. 681; Henderson v. Henderson, 67 Ala. 519; Miller v. Lewis & Son, 20 Ala. App. 598, 104 So. 444; Cox v. Stollenwerck, 213 Ala. 390, 104 So. 756.

THOMAS, J. The appeal is from the decree of the probate court overruling motion of appellant to charge the account of the appellee, the retiring guardian, with designated items of personal property, and also from the judgment allowing certain expenditures to the credit of said guardian.

[1-4] It is the duty of a guardian to collect and take into possession the assets of the ward, and discharge the duties of the trust in the same manner that a careful and prudent business man manages his like personal affairs. It follows from this general rule that the guardian is responsible for the properties of the ward coming into his hands, or that should have been reduced to his possession (Edmondson v. Jones, 204 Ala. 144, 85 So. 799; Mason v. Buchanan, 62 Ala. 110; Hughes v. Mitchell, 19 Ala. 268, 12 R. C. L. § 23), and that he is required to use due diligence in managing and taking care of the ward's estate (McLean v. Hosea & Godbold, Guardians, 14 Ala. 194, 48 Am. Dec. 94; Leach v. Gray, 201 Ala. 47, 77 So. 341, 7 A. L. R. 890; McGowan v. Milner, 195 Ala. 44, 70 So. 175). And, if the property of the ward is lost or injured through the negligence or misfeasance of the guardian, the latter is liable to the extent that any trustee would be liable under the same circumstances. Thompson v. Thompson, 92 Ala. 545, 9 So. 465; Newman v. Reed, 50 Ala. 297. That is to say, the guardian must show due diligence, or that

such would have accomplished nothing as to the property in question. Stewart v. McMurray, 82 Ala. 269, 3 So. 47; Lane v. Mickle, 43 Ala. 109; Leach y. Gray, 201 Ala. 47, 77 So. 341, 7 A. L. R. 890; Grace v. Perunbo, 202 Ala. 504, 80 So. 792.

[5] The duty in management of the estate of the ward is indicated by statute. Code 1923, § 8149; McGowan v. Milner, 195 Ala. 44, 70 So. 175; Bean v. Harrison (Ala. Sup.) 104 So. 244;[1] Scott v. Reeves, 131 Ala. 613, 31 So. 453. It is also required by statute that an inventory be filed. Code 1923, § 8148. The rule for inventories of trust estates is a reasonable one and intended for the protection of those who cannot protect themselves. It has been held that, though the testator exempt the personal representative, in administration of a decedent's estate, from the requirement of giving bond, filing inventories, and reporting his actions in the administration of the trust to the court, the inventory may be duly required by decree (Naugher v. Hinson, 211 Ala. 278, 100 So. 221; Parker v. Robertson, 205 Ala. 434, 88 So. 418), though this failure is not ground for the removal of a personal representative, where there is no loss to the trust estate and the failure is from inadvertence (Willoughby v. Willoughby, 203 Ala. 138, 82 So. 168). The statute as to administrations of estates of decedents (section 2579 of the Code 1907) is different from that in guardianships (sections 4375, 4440). It is declared that neither a failure to file annual accounts, nor negligence, which works no injury, and that is no mala fides, can deprive a guardian of compensation. Neilson v. Cook, 40 Ala. 498; Spies v. Stikes, 112 Ala. 584, 20 So. 959; Smith v. Kennard, 38 Ala. 395.

The record discloses that at the inquisition under the statute (Code 1907, § 4345 et seq.) McMillan was present, advising or aiding Miss Rucker; and, when that proceeding culminated in a judgment to the effect that she was a person of unsound mind, he was duly appointed by the court as her guardian. In the discharge of his duties, he immediately went to the home where she lived with her mother, and inquired of her mother as to the properties and effects of the ward. At this time the mother made claim of ownership to the personal properties in question, which the guardian acknowledged, except the two mules and the storehouse and contents and rents. The ward had done this, in effect, in returning her properties for the purpose of taxation.

Upon the death of the mother the personal representative was duly appointed and administered that estate, there was an order for the sale of said decedent's properties, and the ward's interest therein passed to McMillan, as guardian. The ward was duly made a party to the proceedings in administration and distribution of the mother's estate and

[1] 213 Ala. 33.

properties. The record evidence of the estate of the mother and the sale of the properties of that decedent disclosed and showed the properties sold for division to have been those of the mother. The decree of sale shows that said ward was a party to this settlement and duly represented. Jones v. Hubbard, 208 Ala. 269, 94 So. 167. As we have indicated, the testimony of the guardian is corroborated by the assessment for taxes—that the ward owned only the two mules, and not the other property made the subject of the motions to charge the guardian.

[6, 7] The presumption is in favor of the order and decree rendered by the probate court after full hearing of the objections and motions to charge and the evidence (oral and documentary) in support or denial thereof. Williams v. Gunter, 28 Ala. 681; Henderson v. Henderson, 67 Ala. 519; Milner v. Lewis & Son, 20 Ala. App. 598, 104 So. 444; Cox v. Stollenwerck (Ala. Sup.) 104 So. 756.[2] The general rule obtaining in such a case is that, on appeal from a probate decree as to a disputed question of fact, it requires a very clear conviction of error to justify a reversal. Henderson v. Henderson, 67 Ala. 519; McFry et al. v. Casey, 211 Ala. 649, 101 So. 449; Ray v. Watkins, 203 Ala. 683, 85 So. 25; Goldsmith v. Gates, 205 Ala. 632, 88 So. 861; Kirksey's Case, 41 Ala. 626 (7). We will later advert to the rent of the mules for the years 1920–21.

[8, 9] The several objections to credits for attorney's fees, actual expenses of the guardian to Tuscaloosa to look after, assure and consult with his ward, and the commissions allowed the guardian, found by the trial court to be reasonable, are without merit. The services rendered by the attorneys were before the same court and judge thereof rendering the instant decree, and were not shown to have been unreasonably compensated for. McGowan v. Milner, 195 Ala. 44, 70 So. 175. There was no fraud, conversion of the trust funds, or gross negligence shown that should deprive the guardian of commissions. McGowan v. Milner, supra; Bean v. Harrison (Ala. Sup.) 104 So. 244.[3] It follows that there was no error in declining the respective motions as to these items of credit allowed the guardian and challenged by the succeeding guardian.

[10] It was irregular to fail to return an inventory or to permit Mr. Wilkerson to collect his debt by a credit of the "stock of goods and pay himself," yet the payment of Wilkerson in goods was according to the instruction of the ward and is shown to have been done in good faith, without fraud or imposition, and to the credit of her estate. The guardian was absolved from the payment of a larger indebtedness, and was properly held to be without blame in the premises. McGowan v. Milner, 194 Ala. 44, 47 (2), 70 So. 175.

The account filed contained items for the rent of the two mules for the years 1923–24. There is no return for their rental for the years 1921–22. The rent of the storehouse is duly accounted for in said years.

The evidence shows that he received, for the year 1920, $150 worth of cotton. This may have embraced the rent of the mules for said year. This fact is not elucidated by the evidence. It could have no reference to the rent for the year 1921. The witness Lee McMillan testified that—

"His father (the guardian) did not receive any cotton from Miss Jennie, other than the two bales shown on his father's books."

The testimony of the guardian is not explicit as to this cotton for the year 1920, or the rent of the two mules for the years 1920–21.

The decree of the probate court is affirmed in all respects, other than the items indicated, and the motion (twelfth item) to charge the account for the $150 for the cotton and seed therefrom growing at the time the ward was committed to the hospital in 1920 should have been granted in the present status of the evidence.

Appellee is taxed with the costs of the appeal.

Affirmed in part, and in part reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.

