(111 So. 208)
CUNNINGHAM v. CUNNINGHAM.
(I Div. 417.)

(Supreme Court of Alabama. Jan. 20, 1927.)

1. Guardian and ward ⬤➡62—Guardian held liable for ward's money, loaned without security to corporation which became bankrupt of which he was officer and stockholder (Code 1923, § 8149).

Guardian *held* liable for ward's money, loaned without security to corporation of which guardian was managing officer and stockholder and which became bankrupt, as such unsecured loan was breach of trust, in view of Code 1923, § 8149.

2. Guardian and ward ⬤➡151—Guardian is not entitled to commission on funds loaned without security to corporation which became bankrupt.

No commissions can be allowed guardian on funds of ward which were loaned without security to corporation which became bankrupt.

3. Guardian and ward ⬤➡54—Guardian must pay compound interest at 8 per cent. on ward's money, loaned without security to corporation which became bankrupt.

Compound interest at 8 per cent. per annum must be charged guardian on funds of ward, loaned without security to corporation which became bankrupt and of which guardian was managing officer and stockholder.

4. Guardian and ward ⬤➡161, 163—Partial settlement of guardianship is presumed correct, but is subject to correction on final settlement, but not subject to review by appeal (Code 1923, § 6115, subd. 5, and § 8206).

Partial settlement of guardianship is presumed to be correct, but is subject to correction on final settlement, in view of Code 1923,

⬤➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

§ 8206, but rulings in partial settlement are not subject to review by appeal, in view of section 6115, subd. 5.

**5. Guardian and ward ⬥=56—Probate judge's approval of authorizing unsecured loan of ward's funds held not to protect guardian from liability for their loss.**

Letter from judge of probate approving unsecured loan of ward's funds *held* not to protect guardian from liability for their loss, since neither court nor judge had authority to authorize or ratify such loan, and guardian was chargeable with knowledge of such want of power.

**6. Guardian and ward ⬥=157—Guardian's want of good faith in retaining ward's stock in corporation which became bankrupt held not presumed, in view of evidence.**

Want of good faith and reasonable diligence on part of guardian in retaining ward's stock in corporation which became bankrupt, rather than hazard chances of sale for reinvestment, *held* not presumed, where evidence did not show market value for stock or fix time when it should have been sold.

Appeal from Probate Court, Mobile County; Price Williams, Judge.

Petition of Charles A. Cunningham, as guardian of the estate of Edward L. Cunningham, a lunatic, now deceased, for final settlement of his guardianship, with objection by S. Walter Cunningham, heir at law and distributee of Edward L. Cunningham. From the decree, S. Walter Cunningham appeals. Reversed and remanded.

The bill of exceptions shows an agreement in open court that $500 was a reasonable attorney's fee to be allowed the guardian for representation on final settlement provided the guardian was successful in maintaining on appeal the credit of $7,685.37, which had been allowed on account of loss by reason of loans to Cunningham Hardware Company, but if same was not sustained said fee should be reduced to $250.

Harry T. Smith & Caffey, of Mobile, for appellant.

The guardian was guilty of devastavit in lending the money of the ward to a corporation in which he was interested as a stockholder and officer without any security. Code 1923, § 8149; May v. Duke, 61 Ala. 53; Lee v. Lee, 55 Ala. 590; Leach v. Gray, 201 Ala. 47, 77 So. 341, 7 A. L. R. 890; 28 C. J. 1155; Brewer v. Ernest, 81 Ala. 435, 2 So. 84; McGowan v. Milner, 195 Ala. 44, 70 So. 175. The probate court had no authority or jurisdiction either to authorize or ratify a loan made in violation of the statute, and the letter from the probate judge approving the loan cannot protect the guardian against the devastavit. Sowers v. Pollock, 112 Kan. 599, 212 P. 103, 30 A. L. R. 458; In re Bates' Guardianship, 70 Okl. 321, 174 P. 743; Fid. & Dep. Co. v. Freud, 115 Md. 29, 80 A. 603;

Amer. Sur. Co. v. Sperry, 171 Ill. App. 56. Nor does the fact that a credit for the loss was allowed in partial settlement afford the guardian protection. Code 1923, § 8206; May v. Duke, supra. No commission should have been allowed the guardian because he was guilty of willful default or gross negligence in management of the estate. Hall v. Heirs of Wilson, 14 Ala. 295; Powell v. Powell, 10 Ala. 900; Gould v. Hayes, 19 Ala. 438; Bendall v. Bendall, 24 Ala. 295, 60 Am. Dec. 469; Stewart v. Stewart, 31 Ala. 207; Smith v. Kennard, 38 Ala. 695; In re Anderson, 97 Wash. 688, 167 P. 71; In re Moore, 112 Me. 119, 90 A. 1088, Ann. Cas. 1917A, 645. The guardian was chargeable with the par value of the stock in the hardware company which he held for his ward. Owens v. Owens, 84 Miss. 673, 37 So. 149; King v. Talbot, 40 N. Y. 76; 11 A. & E. Ency. 965, 966. The credit on account of loss due to loans should not be allowed, and the attorney's fee should be reduced in accordance with the agreement.

Inge & Bates, of Mobile, for appellee.

The partial settlement, on final settlement, must be taken as correct. Code 1923, § 8206; Ashley's Adm'x v. Martin, 50 Ala. 537. The allowance of the credits excepted to in the annual settlements raises a presumption of their correctness, and the burden of proof in regard to them shifted to the ward. Bentley v. Dailey, 87 Ala. 406, 6 So. 274; Thompson v. Thompson, 92 Ala. 545, 9 So. 465. The guardian should be protected by the presumption that he has done his best, if he acts with common prudence and without corruption or gross negligence. Ashley v. Martin, 50 Ala. 537. The guardian was authorized by the probate judge's order to lend the ward's money to the hardware company.

BOULDIN, J. [1] "A clear duty of the guardian, defined by statute, is to loan the moneys of the ward, and, in making loans, to require bond and mortgage, or good personal security. * * * When, on the credit of the borrower alone, whether an individual, or a partnership, or a corporation," he hazards the money of the ward, he departs from the line of his authority and duty, and becomes an insurer against loss to the ward. Whatever be the credit or solvency of the borrower, the guardian is absolutely liable for a loan without security—"liable, because the loan is a breach of trust, a violation of duty." Code, § 8149; Lee v. Lee, 55 Ala. 590; May v. Duke, 61 Ala. 53; Lee v. Lee, 67 Ala. 406; McGowan v. Milner, 195 Ala. 44, 70 So. 175; Leach v. Gray, 201 Ala. 47, 77 So. 341, 7 A. L. R. 890.

It is without dispute that the guardians loaned the ward's money to the corporation of which they were the managing officers and stockholders on the demand note of the cor-

poration, without security; that the accruing interest from year to year was not paid, but credited to the guardian's account on the books of the corporation, and that cash dividends on the ward's stock were retained by the corporation as loans on open account. credited in like manner; that this continued until the bankruptcy of the corporation ensued in 1924, resulting in a loss to the ward's estate. However free from any purpose to cause ultimate loss to the ward, this action of the guardian was in law a devastavit. He must be held to the same accountability as if he had personally made use of the funds. Cases, supra; also, Brewer v. Ernest, 81 Ala. 435, 441, 2 So. 84.

[2] No commissions can be allowed on the funds thus converted or invested in breach of trust as defined by positive law. McGowan v. Milner, 195 Ala. 44, 70 So. 175; Leach v. Gray, 201 Ala. 47, 77 So. 341, 7 A. L. R. 890; Ramsey v. McMillan, 214 Ala. 185, 106 So. 848.

[3] Compound interest at 8 per cent. per annum must be charged. In lending money to a corporation of which the guardian is the managing officer, and interested as a stockholder, the guardian of necessity is representing opposing interests. Making such loan without security, outside the law and in breach of trust, he must, as above stated, and as often declared, be regarded in the same position as if he had appropriated the money to his own use. While a severe rule, perhaps, it is sanctioned by experience and could not be relaxed without exposing the helpless to the risk of losses which the law has expressly declared shall not be incurred. McGowan v. Milner, 195 Ala. 44, 70 So. 175.

[4] The partial settlement of 1925 is presumed to be correct, but subject to re-examination on final settlement, and, if found incorrect, is to be corrected. Code, § 8206. The rulings in partial settlement are not subject to review by appeal, but are reviewable after final settlement when re-examined on such settlement. Code, § 6115, subd. 5.

[5] The letter from the judge of probate approving the loan of the ward's funds to Cunningham Hardware Company on its demand note can furnish the guardian no protection. No authority was vested in the court or judge to authorize or ratify a loan in violation of law. The guardians were chargeable with knowledge of such want of power. In re Bates, 70 Okl. 321, 174 P. 743; Fidelity & Deposit Co. v. Freud, 115 Md. 29, 80 A. 603; American Surety Co. v. Sperry, 171 Ill. App. 56.

Under the undisputed evidence the court erred on partial settlement in crediting the guardian with $7,685.37, loss on the funds loaned to and in the hands of Cunningham Hardware Company, thus reducing the debt to $2,722.57, the dividend of 26 per cent. obtained through bankruptcy and in refusing to surcharge this item on final settlement. There was also error in the interest charges and commissions allowed. The attorney's fee should also be reduced to $250 as per agreement upon the contingencies stipulated,

[6] We take a different view upon the motion to charge the guardian with the par value of the capital stock owned by the ward in Cunningham Hardware Company. The contention of the appellant in this regard proceeds upon the theory that the stock was a hazardous investment, and it was the general duty of the guardian in conserving the trust estate to sell it for reinvestment. This stock came to Edward L. Cunningham, the ward, as an investment by his father. The guardian, Charles A. Cunningham, a brother of his ward, also inherited stock and held it until bankruptcy intervened. It was essentially a family enterprise, an estate left in the form of a going business, organized as a corporation. Most of the stock was owned by the family. While the fortunes of business fluctuated from year to year, sometimes dividends accrued and sometimes not, and the guardian as president of the company knew its condition. The evidence fails to show a market value for the stock at any time—does not undertake to fix a time when it should have been sold. Bankruptcy, according to the evidence, was not anticipated until an involuntary petition was filed.

Want of good faith and reasonable diligence on the part of the guardian in retaining the stock as invested, rather than hazard the chances of a sale for reinvestment, is not to be presumed without evidence. The ruling of the court on partial settlement has the presumption of correctness on this issue. Ashley v. Martin, 50 Ala. 537; Bentley v. Dailey, 87 Ala. 406, 6 So. 274; Thompson v. Thompson, 92 Ala. 545, 9 So. 465. Different principles govern this issue from those above applied to an unlawful loan of trust funds.

The decree is reversed and the cause remanded for restatement of the account in keeping with this decision.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.