166 So. 774

## KIRSCH v. GREEN et ux.

### 8 Div. 711.

Supreme Court of Alabama.

March 26, 1936.

W. L. Chenault, of Russellville, for appellant.

Jas. L. Orman, of Russellville, for appellees.

ANDERSON, Chief Justice.

It may be conceded that the guardian had the right to dispose of the note and mortgage. Echols v. Speake, 185 Ala. 149, 64 So. 306, Ann.Cas.1916C, 332. But we think the assignment of the note and mortgage in question, that is, assigning it by the guardian to her husband to be used and applied as a credit on the mortgage from the husband to the complainant, Kirsch, was a flagrant devastavit.

Whether the note, which on its face is payable to Mrs. Sparks as "guardian" and was assigned by her as "guardian," was notice to the purchaser, Kirsch, of a probable limited or restricted authority to negotiate the same, 8 C.J. 515; Wolffe v. State, 79 Ala. 201, 58 Am.Rep. 590, is un-necessary for us to decide, as the evidence was ore tenus and the trial court was warranted in finding that Kirsch, who held a mortgage on Sparks, the husband, knew his financial condition and that he could not and did not make a bona fide purchase of the note and mortgage from his wife, the guardian of her minor son.

The decree of the circuit court is affirmed.

Affirmed.

GARDNER, BOULDIN, and FOSTER, JJ., concur.