175 So. 551

### KELLY v. WILSON et al.

### 6 Div. 105.

Supreme Court of Alabama.

June 3, 1937.

Rehearing Denied June 28, 1937.

456

Maud McLure Kelly, of Birmingham,
for appellant.

Cabaniss & Johnston and K. E. Cooper, all of Birmingham, for appellees.

GARDNER, Justice.

Complainants seek the exercise of their equity of redemption in a certain mortgage on real estate executed by them in March, 1930, to J. B. Stephens, as guardian of William Wesley, a non compos mentis. Stephens, as such guardian, died in March, 1933, and defendant, Maud McLure Kelly, has been duly appointed his successor as guardian for said Wesley. Payments have been made on said mortgage indebtedness, and complainants have in their possession the first five of the promissory notes duly canceled by said Stephens as such guardian.

Defendant insists she received none of the payments, has no title to the subject-matter of the suit, and that the ward is a necessary party. By answer and cross-bill she further sets up the subsequent death of the former guardian, Stephens, pending administration of his estate, and asks for a consolidation of this suit with such pending settlement proceedings with the administrator and surety on Stephens' bond as parties defendant to the cross-bill.

But complainants are not interested in the administration of the estate of the former guardian, and to await a settlement of that estate would manifestly work a hardship, especially in view of the fact they merely want to pay what is due to the right person and get an acquittance of their indebtedness. And we think the law, in consonance with reason and justice, requires no such delay.

It is the duty of the guardian to collect and take into possession the assets of the ward. He is to discharge the duties of the trust in the same manner that a careful and prudent business man manages his like personal affairs. And it follows from this general rule that the guardian is responsible for the properties of the ward coming into his hands, or that should have been reduced to his possession. Ramsey v. McMillan, 214 Ala. 185, 106 So. 848; sections 8148 and 8149, Code 1923; 28 Corpus Juris 1127.

The last-cited sections authorize the loan of surplus money of the ward on mortgage security, and it appears to have been assumed, without discussion in our decisions, that such loans are made with title to the security in the guardian as such. Brewer v. Ernest, 81 Ala. 435, 2 So. 84. And in Kirsch v. Green, 232 Ala. 65, 166 So. 774, was the holding that the guardian had the right to sell and dispose of the mortgage security so executed to him as such guardian.

The title, therefore, to such security is in the guardian (28 Corpus Juris 1128), and sections 8168 and 8169 Code 1923, dealing with the matter of investment of the funds of the ward in the purchase of real estate are inapplicable. And the succeeding guardian, being under the duty to exercise reasonable diligence in obtaining possession of his ward's estate, should secure from the former guard-

ian such securities as here involved and proceed with their collection. 28 Corpus Juris 1282.

The case of Cocke v. Rucks, 34 Miss. 105, 109, cited in the note to 28 Corpus Juris 1129, conversely as to the facts of the instant case, presents the principle here controlling. Here the debtor to the ward's estate seeks to pay, and there the succeeding guardian sought to collect. It was insisted the administrator of the former guardian's estate should have brought the suit, and that the present guardian had no title. In a clear and logical opinion, these contentions were denied. The court's holding is well summarized in the first headnote, which reads as follows: "A trustee is clothed with the legal title whenever it is necessary to enable him to execute a trust created by law; and hence, it being the duty of a guardian to collect all debts due to his ward, he may maintain an action in his own name to enforce the collection of a note payable to his predecessor 'as guardian' for the ward."

The opinion points out that payment by the debtor to such administrator would not discharge the debtor for the obvious reason that the obligation points to a different person whose duty it is to receive payment and manage that fund. That person is the succeeding guardian, whose duty it is to collect debts due to his ward, and being under such duty, the law confers upon him the power to perform it. Proceeding with this line of reasoning, the court says: "The note in this case was payable to Hunter, as guardian, and he certainly could in his lifetime have sued in that character, if he had been so disposed, and recovered the money. Why, then, shall not the person occupying that relation now, and bound to account in that character, do what the first guardian could have done? The defendants virtually undertook to pay to whomsoever might be the guardian of James Hunter's heirs when payment should be demanded, if not made at the maturity of the note. They undertook to pay to David Hunter, as guardian, and thus acknowledged the whole beneficial interest to be in his wards, and this was an undertaking to pay to the person legally entitled to receive such beneficial interest, and who is the present guardian, and who alone can give the proper discharge from the debt. The person legally entitled to receive the money, and who alone can give the necessary acquittance to the debtor, is the person

legally entitled to prosecute the suit, if this right should be withheld from him. The case falls within a familiar principle, that the means must be adequate to the end to be accomplished."

The case of Godbold v. Meggison, 16 Ala. 140, cited by defendant, is to the effect that a suit begun by a guardian, not as guardian but in his individual capacity, does not abate upon his death, but may be continued by the administrator of his estate. 24 Cyc. 206.

■ Here no such question is presented. No action had been taken by any one, and this security is among the assets of the ward and the duty to collect rests upon defendant as succeeding guardian. And the rule is established that a guardian, having notice of a debt due his ward, is chargeable with the amount thereof if it be lost through his negligence. Hughes v. Mitchell, 19 Ala. 268. The duty resting, therefore, upon defendant to collect this debt, the law confers upon her the power to do so, and gives her authority for its acquittance.

■ Nor was there occasion for the ward to be here made a party to the bill. Under the statute (section 5689, Code 1923), the guardian, as such, could maintain suit for collection of this debt (Kelen v. Brewer, 221 Ala. 445, 129 So. 23), and, manifestly, the ward would not be a necessary party in a suit of this character, where the debtor merely seeks to have ascertained the sum due and make payment. But, in any event, there appears no assignment of error taking such point, and consideration of that question is merely by way of consideration of the sufficiency of the bill as one to exercise the equity of redemption. We conclude it suffices for this purpose, and forego further discussion.

Upon principle and reasoning, we think the bill sufficient as against demurrer interposed thereto, and that the demurrer to the cross-bill was properly sustained.

Let the decree stand affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.

On Rehearing.

GARDNER, Justice.

■ As applicable to the question of the right of a debtor to pay and receive

acquittance from the present guardian, we find our case of Silverstein v. First National Bank, 231 Ala. 565, 165 So. 827, 830, inadvertently overlooked upon original consideration, fully supports the conclusion reached and is in harmony with that of Cocke v. Rucks, supra, from which appropriate quotations were taken, wherein we observed that "When a trustee dies and a successor is duly appointed, he succeeds to the title, rights, and powers conferred by the instrument creating the trust, since they are annexed to the office and not the person of the trustee."

So here, the title to the mortgage given to the deceased guardian, as such, annexed to the office and not to the person of the guardian, and, therefore, such title passed to his successor, the present guardian.

That authority also demonstrates there is no necessity for making either the ward or the administrator of the deceased guardian a party to this proceeding. As applicable here, it is said in the Silverstein Case, supra, that where the "suit is merely to recover property or collect a debt due the estate, and not also to distribute it in the same suit, but to enable the trustee thereafter to distribute it agreeably to the trust, and its recovery then sought in no wise affects the relations between the trustee and beneficiaries, the latter are not necessary parties." To like effect is the still more recent case of Adler v. First National Bank, 233 Ala. 325, 171 So. 904.

And as to the administrator of the estate of the deceased guardian, we think it clear enough complainant has no concern with such administration, and should not be made to await its final settlement in order to pay what he owes to the proper party, the present guardian, who is competent to give an acquittance. Indeed, as we endeavored to show in our original opinion, had the debtor made no such offer to pay, the positive duty nevertheless rested upon the present guardian to collect the balance due on this indebtedness; and, as pointed out in Hughes v. Mitchell, supra, the guardian having notice of the debt is chargeable with the amount thereof if it be lost through negligence.

There being a duty to collect, the greater is the duty, of course, to receive payment when tendered. That is all complainant seeks. The court will ascertain the amount of the balance due on an accounting, and a decree to that effect gives the guardian full protection.

And complainant should not be concerned with or delayed by an administration of the estate of the deceased guardian. Upon settlement of that estate, another duty devolves upon the present guardian to collect therefrom whatever sum said deceased guardian may owe the estate of the ward. But that matter has no relation to the present suit, which is merely to have an accounting to ascertain the balance due and pay the same to the guardian, and receive acquittance therefor.

We stated in the original opinion that the mortgage was properly taken in the name of the guardian as such, and that sections 8168 and 8169, Code, which dealt with the purchase of real estate by the guardian with funds of the ward, with title in the ward, had no application to a mere loan of money by the guardian secured by a mortgage on real estate. Such a transaction is not a purchase of real estate, which is the subject-matter of sections 8168 and 8169, Code, and, therefore, that statute is inapplicable as stated in the original opinion. We find, however, an expression in Howell v. Ward, 230 Ala. 379, 161 So. 487, indicating a contrary view. This expression does not appear to have been necessary to a proper decision of the cause, was inadvertently made, and may be classed as dictum, which is here disapproved.

We have considered and discussed the questions presented, and have endeavored to make plain the right of complainant to have ascertained the amount of the indebtedness due, and the duty of the present guardian to give acquittance therefor, when so paid. Further elaboration is unnecessary.

The application for rehearing will be denied.

Application overruled.

All the Justices concur.