110 So.2d 267

Lee STOVALL, as guardian, etc.,

v.

Beatrice Patricia HEID, a n.c.m., and William Stell, as guardian ad litem, etc.

8 Div. 958.

Supreme Court of Alabama.

March 12, 1959.

H. Neil Taylor, Russellville, for appellant.

Wm. Stell, Russellville, guardian ad litem.

STAKELY, Justice.

Lee Stovall was duly appointed guardian of Beatrice Patricia Heid, a non compos mentis, by the probate court and the pro-

ceedings in this estate were later duly removed to the Franklin Law and Equity Court, in Equity.

The guardian filed a petition in the Franklin County Law and Equity Court, in Equity, for a partial settlement of the accounts of the estate and alleged in substance that Beatrice Patricia Heid is at the present time and has been for a long period of time confined in a private mental institution at Tarpon Springs, Florida, that the expense of maintaining the said Beatrice Patricia Heid is approximately $1,500 per month which includes medical expense, living expense, special nursing care and psychiatric care, that it is to the best interest of the ward that petitioner be allowed or permitted to expend such sums from the income of said estate and to encroach upon the principal of said estate, if necessary, to provide for the maintenance and care of said ward.

The petition further shows in substance that the estate consists of certain stocks, the smallest holding of which is 213 shares of Texas Eastern Transmission Corporation stock, that the court should authorize the private sale by petitioner of the aforesaid stock so that sufficient funds may be available with which to pay the foregoing expenses which are accruing and are expected to accrue for some time, that the dividend income from the stock hereinbefore mentioned is not expected to provide sufficient dividend income to defray the large expense accruing for the care of the ward.

The petition further shows that in addition to the Texas Eastern stock which the court is asked to permit the guardian to sell, the estate has 1530 shares of Sears Roebuck & Company stock and 1500 shares of General Motors Corporation stock which was part of the ward's estate at the time petitioner was appointed guardian of the aforesaid estate, that petitioner is informed that under the provisions of § 74 of the Constitution of Alabama of 1901 and § 47, Title 58, Code of 1940, that petitioner as guardian is not permitted to retain these stocks. The petition further alleges that petitioner believes that the retention of said stocks would be to the best interest of the ward and that the court should enter a decree authorizing petitioner to retain said stocks, that the value of 1500 shares of General Motors Corporation stock at $44 per share is $66,000 and the value of 1530 shares of Sears Roebuck & Company stock at $31 per share is $47,430.

The petition further shows that it would not be to the best interest of the ward to sell the stock of Sears Roebuck & Company or the stock of the General Motors Corporation because of the tax loss which would be incurred in the event of such sale, that these stocks were purchased by the ward when she was competent and managing her own affairs and have proved a good investment.

The petitioner prays that a day be set for a hearing of the petition and that a guardian ad litem be appointed by the court to represent Beatrice Patricia Heid, that petitioner be authorized and directed for the purpose of support and maintenance of the ward to sell at private sale the 213 shares of Texas Eastern Transmission Corporation stock subject to confirmation of the sale by the court and that petitioner be permitted to retain the stocks of the General Motors Corporation and Sears Roebuck & Company as assets of the estate.

The proof supported the allegations of the petition.

On a hearing the court audited, approved and allowed the accounts and vouchers of the guardian as filed and authorized specifically the sale of 213 shares of the ward's stock in Texas Eastern Transmission Corporation for the support and maintenance of the ward. The court further held that the 1500 shares of stock in the General Motors Corporation and the 1530 shares of stock in Sears Roebuck & Company were a part of the estate of the ward at the time the guardian was appointed and that the aforesaid stock represented an investment made by the ward while she was mentally competent and that these stocks are not an

investment made by the guardian. The court further found that the sale of the aforesaid stocks would not be in the best interest of the ward and that a sale of said stock at this time would bring about financial loss to the ward. The court further said: "Therefore, the court specifically restrains the sale of the said General Motors Corporation stock and the Sears Roebuck & Company stock by the guardian, without the further order of this court."

■ I. The case is submitted here not only on appeal but on a petition for an alternative writ of mandamus in the event this court should decide that an appeal does not lie. So far as we can ascertain there is no statute which authorizes an appeal to this court from a decree on partial settlement of the accounts of the estate of a non compos mentis but a decree can be both interlocutory and final. Birmingham Trust & Savings Co. v. Strong, 239 Ala. 118, 194 So. 200.

■ The test of the finality of a decree to support an appeal is not whether the cause remains in fieri, in some respects, in the court of chancery, awaiting further proceedings necessary to entitle the parties to the full measure of the rights it has been declared they have, but whether the decree which has been rendered, ascertains and declares these rights. If these are ascertained and adjudged, the decree is final and will support an appeal. Ex parte Elyton Land Co., 104 Ala. 88, 15 So. 939.

■ We do not doubt that that part of the decree authorizing the sale of certain stock belonging to the estate of the ward and restraining the guardian from selling certain stocks of the estate of the ward, is a final decree and will support an appeal.

The only question presented on this appeal is whether or not stocks acquired by a ward during the time when she was competent and being part of the ward's estate at the time of the appointment of the guardian, are within the prohibition of the Constitution and statutes of Alabama against the investment by guardians in stocks of private corporations. Under § 74, Constitution of 1901 and under Section 47, Title 58, Code of 1940, a guardian is not authorized to invest in the stocks of a private corporation. In the instant case the investment was not made by the guardian. Section 74 of the Constitution of 1901 provides as follows:

"No act of the legislature shall authorize the investment of any trust fund by executors, administrators, guardians, or other trustees in the bonds or stock of any private corporation; and any such acts now existing are avoided, saving investments heretofore made."

In the case of Ramsey v. McMillan, 214 Ala. 185, 106 So. 848, 849, in discussing the duties of a guardian in handling the estate of his ward, the following was said:

"It is the duty of a guardian to collect and take into possession the assets of the ward, and discharge the duties of the trust in the same manner that a careful and prudent business man manages his like personal affairs. It follows from this general rule that the guardian is responsible for the properties of the ward coming into his hands, or that should have been reduced to his possession, * * * and that he is required to use due diligence in managing and taking care of the ward's estate * * *. And, if the property of the ward is lost or injured through the negligence or misfeasance of the guardian, the latter is liable to the extent that any trustee would be liable under · the same circumstances. * * * That is to say, the guardian must show due diligence, or that such would have accomplished nothing as to the property in question. * * *."

With reference to the provisions of § 74 of the Constitution of Alabama, in the case of Sims v. Russell, 236 Ala. 562, 183 So. 862, 864, this court said:

"It will be noted that Section 74 of the Constitution forbids investment in corporate bonds or preferred stock, the same as common stock. It not only covers funds held by guardians, but trust funds generally. At the same time it is the policy of our law, declared by statute, that monies of the ward shall be made to yield an income, if practical, and the guardian is expressly empowered to take good personal security, as well as real estate security.

"Constitutional limitations on Legislative powers, such as Section 74, running into the indefinite future, are to be strictly construed.

"We conclude, therefore, that it is not the purpose of Section 74 to exclude, as a basis of credit and security for loans, the whole body of corporate securities, which, in our day, are recognized as sound security for loans by prudent investors throughout the business world."

In White v. White, 230 Ala. 641, 162 So. 368, the money of the ward was invested contrary to the provisions of section 74 of the Constitution of 1901. Hence on a showing that the investments were bad, the guardian was charged with the loss. The stock in Sears Roebuck & Company and General Motors Corporation, however, was acquired by Beatrice Patricia Heid while she was sane and normal. The investment she made in the foregoing stocks has proved to be good and as a result has accumulated a rather large estate. It appears that if the guardian is forced to sell the stock it will result in considerable loss to the estate.

It is true that in Sims v. Russell, supra, and White v. White, supra, it was held that Section 74 of the Constitution is not only a limitation upon the power of the legislature, but its provisions declare and establish the public policy of the state in respect to the investment of trust funds in stocks and bonds of private corporations. But upon a consideration of the matter we do not believe that Section 74 of the Constitution or Section 47, Title 58, Code of 1940, were intended to injure an estate and they should not be so construed. We think that the court of equity in this case with the peculiar duty which it owes to a non compos mentis (Austin v. Bean, 101 Ala. 133, 16 So. 41; First National Bank of Oneonta v. Robertson, 220 Ala. 654, 127 So. 221), upon the pleading and proof before it, had the right to authorize the retention by the guardian of the stock in General Motors Corporation and Sears Roebuck & Company.

Accordingly, it is our judgment that the decree of the lower court should be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.